Samuel J. GALLARELLI, Petitioner,
Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 5365.

United States Court of Appeals
First Circuit.

Oct. 29, 1958.

Samuel J. Gallarelli on brief pro se.

Anthony Julian, U. S. Atty., and William J. Koen and Charles F. Barrett, Asst. U. S. Attys., Boston, Mass., on brief for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This appeal seems to be a case of grasping at straws.

Gallarelli, along with other persons, was tried by a jury upon an indictment charging conspiracy to use the mails to defraud, contrary to 18 U.S.C. § 371, and upon certain indictments charging the substantive offense of using the mails to defraud contrary to 18 U.S.C. § 1341. Pursuant to jury verdicts of guilty, the trial judge entered a judgment of conviction, imposing penitentiary sentences. Gallarelli appealed to this court from said judgment of conviction, being then represented, as he was at the trial, by counsel of his own choice, Francis Juggins, Esq., a seasoned attorney with extensive experience in criminal litigation. In Gallarelli v. United States, 1 Cir., 248 F.2d 539, we affirmed the judgment of conviction on October 25, 1957.

Under Rule 37(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., supplemented by paragraph 2 of Rule 22 of the Revised Rules of the Supreme Court (346 U.S. 970), 28 U.S.C.A., Gallarelli had thirty days from October 25, 1957, within which to seek a further review by the Supreme Court of the United States

of the judgment of conviction, subject, however, to the proviso that a justice of the Supreme Court "for good cause shown, may extend the time for applying for a writ of certiorari in such cases for a period not exceeding thirty days." It is asserted by appellant that on November 25, 1957, he obtained from an associate justice of the Supreme Court an extension of time within which to file a petition for a writ of certiorari up to and including December 25, 1957; that on December 16, 1957, he filed an application for a further extension of time within which to perfect a writ of certiorari; that on December 29, 1957, he was notified by the Clerk of the United States Supreme Court "that no further extension may be had"; and that on January 8, 1958, all papers, motions and docket fee were returned to him by the Clerk of the United States Supreme Court with the notification "that he was out of time and had no motions before the Court."

Thereafter Gallarelli, being then in a federal prison serving sentence, started all over again by filing a petition in the United States District Court for the District of Massachusetts under 28 U.S.C. § 2255 seeking to have the court vacate and set aside the judgment of conviction. This time he acted "pro se"; and as might be expected he has some harsh things to say about the competence of his attorney at the previous proceeding—a type of attack which usually finds little favor with the courts. See Dario Sanchez v. United States, 1 Cir., 1958, 256 F.2d 73, 75. The district court on March 19, 1958, denied the petition to vacate, in a memorandum and order in which it discussed the various points sought to be raised in the petition. In taking this action the district court did not order the production of Gallarelli from the penitentiary, nor otherwise grant any hearing on the petition.

Section 2255 contains various provisions designed to prevent abuse of its remedial proceedings. For instance, it is provided that a court "may entertain and determine such motion without requir-ing the production of the prisoner at the hearing." Nor is a hearing on such motion in all cases required by law, for in § 2255 it is also provided: "Unless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." It is obvious that the district court intended to invoke that provision, for its memorandum starts off with a "preliminary examination of the motion, to consider whether it shows any ground for relief that is not conclusively rebutted by the files and records of the case." The district court was presided over by the same judge who tried the case and who therefore was thoroughly familiar with its "files and records". The typewritten Record Appendix which is now before us contains nothing but the petition under 28 U.S.C. § 2255, followed by an "Argument and Authorities" in the nature of a brief, together with the memorandum and order of the district judge and the notice of appeal from such order. The original papers now on file in our Clerk's office also contain a subsequent memorandum and order by the district court, on April 7, 1958, denying a motion for leave to appeal in forma pauperis from the order of March 19, denying the petition to vacate under § 2255. The reason for this order of April 7, 1958, is stated to be that "all questions raised are clearly frivolous, and the appeal is not taken in good faith within the meaning of the statute." Notwithstanding this rebuff, Gallarelli later perfected his appeal to this court by paying our Clerk the entry deposit upon the filing of the original papers. See our Rule 22(1), 28 U.S.C.A.

In our brief opinion on the appeal from the judgment of conviction, we noted: "Appellant did not cause to be transcribed the testimony taken at a very lengthy trial so that the original papers certified by the clerk of the district court

did not include a transcript of such testimony." 248 F.2d at page 539. Since most of the points sought to be raised in appellant's petition relate to alleged events that took place at the trial, it is obvious that, not having before us a trial transcript, we would be faced with some difficulty in concluding that the district court was not warranted in determining from the "files and records of the case" that the prisoner was entitled to no relief. We have examined again Judge Aldrich's full notes taken at the trial—of which document we suppose we may now take judicial notice—but this examination has produced only negative results.

■ In his memorandum the district judge pointed out that a large number of the points sought to be raised in the petition under § 2255 involved no grave constitutional issues, and related to matters which, to the knowledge of petitioner, occurred prior to, or during the criminal trial, and which were, or could have been, raised on appeal. Further, the judge said: "Without pausing to set forth the extent to which some of the allegations are contrary to the record, or incomplete, I hold that they are not properly before the court on this motion, which is uniformly held not to be a substitute for an appeal. E. g., Masi v. United States, 5 Cir., 223 F.2d 132, certiorari denied 350 U.S. 919, 76 S.Ct. 208, 100 L.Ed. 805; United States v. Jakalski, 7 Cir., 237 F.2d 503, certiorari denied 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed. 2d 761."

Other points, it seems to us, are adequately covered in the district judge's memorandum, except that we shall comment briefly upon one alleged error, namely, the failure of the district judge to disqualify himself at the criminal trial pursuant to the filing of an affidavit of prejudice under 28 U.S.C. § 144.

■ The text of the so-called Affidavit of Prejudice is not before us, so we have no way of knowing whether it was executed by Gallarelli, who was a party to the proceeding, or whether it was a "timely and sufficient affidavit". When an affidavit of prejudice is filed, the judge against whom it is directed has the legal duty to determine the sufficiency of the allegations, under the requirements of 28 U.S.C. § 144, making the assumption that the allegations are true. If he makes an error of law, in refusing to accept the affidavit and to excuse himself from further participation in the proceeding, this error can be raised and corrected on appeal from the final judgment. The courts have made it clear that a judge is obliged to remove himself only in the face of an affidavit setting forth "a personal bias or prejudice", as distinguished from a judicial predilection obtained from the hearing of a case, as we pointed out in Craven v. United States, 1 Cir., 1927, 22 F.2d 605, 607, certiorari denied 1927, 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739. The Supreme Court has expressed the same idea very effectively in Ex parte American Steel Barrel Co., 1913, 230 U.S. 35, 43–44, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379, as follows:

> "The basis of the disqualification is that 'personal bias or prejudice' exists, by reason of which the judge is unable to impartially exercise his functions in the particular case. It is a provision obviously not applicable save in those rare instances in which the affiant is able to state facts which tend to show not merely adverse rulings already made, which may be right or wrong, but facts and reasons which tend to show personal bias or prejudice. It was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard."

■ Assuming, for the moment, that the point is properly before us on this

appeal, we cannot on the present record say that the trial judge committed error at the criminal trial because of his refusal to bow out of the case in the face of the so-called Affidavit of Prejudice.

A judgment will be entered affirming the order of the District Court.