David JACKSON, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16847.

United States Court of Appeals
Eighth Circuit.

June 6, 1962.

David Jackson, Jr., pro se.

Roy W. Meadows, U. S. Atty., Des Moines, Iowa, for appellee.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from an order overruling a "Motion for Modification of Judgment and Sentence and/or Leave to Withdraw Pleas of Guilty" [1] entered by appellant to several counts contained in two indictments duly lodged and docketed in the United States District Court for the Southern District of Iowa.

The basis of appellant's motion is:

(1) That his pleas of guilty to the charges made against him were entered as a result of misinformation given to him regarding the maximum sentence that could be imposed. As a consequence he asserts that his pleas of guilty were entered as the result of duress while he was in a state of mental confusion as to the quantum of punishment he would receive on each such charge; [2]

[1.] Jurisdiction for such motion was premised by appellant in Rule 32(d) F.R. Cr.Pro., Title 18 U.S.C.A., which provides, in part: "To correct manifest injustice (a District Court) after sentence may set aside (a) judgment of conviction and permit the defendant to withdraw his plea" of guilty. The narrow function of that rule is to "correct manifest injustice"

after entry of a plea of guilty and sentence and "not to re-examine errors occurring * * * at proceedings prior to the imposition of sentence." Cf. Hill v. United States. 368 U.S. 424, 430, 82 S. Ct. 468, 7 L.Ed.2d 417 (1961).

[2.] Informally stated, the judgment and commitment of Jackson on the Iowa offenses

(2) That his pleas of guilty were "obtained by fraud and promises of the United States Attorney;"

(3) That matters relating to his arrest and arraignment, and the sufficiency of the allegations of the indictments to which he pleaded guilty were not in accordance with due process of law;

(4) That his sentencing court did not have jurisdiction of one indictment to which he entered pleas of guilty that was transferred to that Court under Rule 20, F.R.Cr.Pro., 18 U.S.C.A.; and

(5) What is tantamount to a request that this Court review the transcript of the proceedings made at the hearing on his motion supra, make an independent judgment thereon and reverse the order appealed from so that he can "be released from the guilty pleas" entered by him.

■■ The ruling, review of which is here sought, was entered in the District Court after formal hearing at which appellant's appearance as a witness was obtained by way of habeas corpus proceedings *ad testificandum* issued at the request of the Government. The transcript of the testimony adduced at that hearing, as well as the original files of the District Court relating to the several charges made against appellant in that Court, his arraignment thereon, entry of pleas of guilty thereto, sentence and commitment, and all auxiliary matters considered by the District Court in relation to the foregoing are before us. Such matters constitute the record on appeal in this case. From a careful examination of the totality thereof it clearly appears that Assignments 1, 2 and 5 above can be related only to questions of fact as to which the court below found *contra* to appellant's assertions; that the subject matter of Assignment 3 was never submitted to the court below, hence the same is not a subject matter reviewable in this

appeal (Ryan v. United States, 99 F.2d 864 (8 Cir., 1938), cert. den. 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1037); and that as to the subject matter of Assignment 4 above, Judge Van Pelt[3] by written memorandum (filed of record in the court below but not officially published) definitely determined that "Jackson consented to the transfer" of a criminal action pending against him in the Northern District of Illinois to the jurisdiction of the Southern District of Iowa, under Rule 20, and thereafter Jackson knowingly and voluntarily entered a plea of guilty to all counts of that indictment, as well as to the charges contained in the indictment then pending against him in the latter court, and that Judge Van Pelt specifically determined that appellant's sentencing court had jurisdiction to receive appellant's pleas of guilty and enter sentence thereon. We note an accordance therewith.

In the light of Judge Van Pelt's memorandum which we append hereto, in part, by way of addendum, and the most recent opinion of this Court in Verdon v. United States, 8 Cir., 296 F.2d 549 (1961), wherein it is held that failure of a sentencing court to inform a defendant as to the range of punishment that might be assessed before accepting a plea of guilty; that a defendant who enters a plea of guilty has no absolute right to withdraw such plea; and that a defendant who pleads guilty and receives a sentence more severe than he anticipated, is not ground for vacating or reducing a sentence, it is manifest that no error on the part of the District Court exists as a consequence of any matter complained of by appellant in this appeal.

■ From the record before us, Judge Van Pelt's memorandum, and the transcript of the proceedings held in respect to defendant's motion supra, it is appar-

---

was "fifteen (15) years * * * on each of Counts I, II, III and V * * * to run concurrently"; and on the Illinois offenses, "ten (10) years * * * on each of Counts I and II" of that indictment to "run concurrently with the (15-year sentence)" imposed for the Iowa offenses.

3. Judge Robert Van Pelt, sitting by assignment in the Southern District of Iowa, pursuant to Section 292(b), T. 28 U.S.C.A., ruled the motion here in question. He was not appellant's (defendant's) sentencing judge.

ent that it was the event of appellant's receipt of a copy of the transcript relating to his entry of pleas of guilty and sentence that was the teacher that gave appellant the idea he had been misled as to the maximum punishment that could be meted out to him on entry of his pleas of guilty in this case.

Affirmed.

## ADDENDUM.

"VAN PELT, District Judge.

"These cases are before the court upon separate motion of the defendant Jackson filed in each case for modification of judgment and sentence and for leave to withdraw a plea of guilty or in the alternative that the judgment and sentence in Case No. 2–532 be reduced to ten years or less. The original motion was filed in Case No. 2–532 and a copy was filed in Case No. 2–538. It is unnecessary to discuss the cases separately although separate orders will be entered. Defendant Jackson is represented by counsel appointed by the court and counsel is to be commended for his thorough presentation of the issues. Upon examination of the motion for modification of judgment the court entered an order to show cause. A resistance was filed by the plaintiff, United States of America. Thereafter the matter was set for trial by the court. A petition for writ of Habeas Corpus Ad Testificandum was filed by the United States of America containing the allegation that Jackson was a material witness in his own behalf. The court ordered him produced for the hearing and at the hearing he testified on his own behalf.

\*     \*     \*     \*     \*     \*

"A review of the two criminal cases is needed for an understanding of the issues that are raised and the correction made in the transcript.

"In Case No. 2–532 defendant Jackson and one Oliver Ford were jointly indicted on five counts. Counsel was appointed by the court for the defendants and when arraigned each entered pleas of not guilty. Thereafter defendant Jackson withdrew his not guilty plea and entered a plea of guilty to Counts I, II, III and V. Defendant Ford withdrew his not guilty plea and entered a plea of guilty to Count V only. Sentencing was deferred pending investigation.

"Counts I, II and III charged Jackson with violation of the Narcotics Act in the making of sales of heroin on three different occasions in late August and early September, 1957 in Des Moines in violation of Title 21, Section 174, U.S.C.A. Count V charged a conspiracy on the part of Ford, Jackson and others named, to violate the section above mentioned and as overt acts set forth the sales which were the basis of Counts I, II and III and a sale by Ford only which was described in Count IV of the indictment.

\*     \*     \*     \*     \*     \*

"Case No. 2–538 was an indictment against the defendant Jackson only, and is known herein as a Rule 20 case. The indictment was returned in the Eastern Division of the Northern District of Illinois and contained two counts, the first charging the purchase of approximately 368 grains of heroin hydrochloride in violation of Section 4704(a) of the Internal Revenue Code of 1954 as amended, 26 U.S.C.A. § 4704(a), and the second count, charging the receiving, concealing, buying, selling and facilitating the transportation, concealment and sale of the same quantity of narcotic drug in violation of Title 21, Sec. 174. Jackson consented to the transfer of the case to Des Moines under Rule 20 and thereafter entered a plea of guilty to both counts. He was sentenced to ten years on each of Counts I and II, the same to run concurrently and the sentence to run concurrently with the fifteen year sentence in Case No. 2–532.

"Thereafter, the court reporter prepared a transcript of the proceedings had at the time of sentencing and it was filed as above mentioned and has been received in evidence as Exhibit 3. \*  \*  \*

"Defendant Jackson's motion for modification alleges that the court advised him that the maximum penalty on each count was ten years and that he was led to believe that the judgment and sentence

on each count would be not to exceed ten years. It is also claimed that the court had no jurisdiction to hear and sentence in Case 2–538 notwithstanding Rule 20 and that Rule 20 of the Federal Rules of Criminal Procedure is void; that the only court of jurisdiction under the Sixth Amendment to the Constitution is the Eastern Division of the Northern District of Illinois; that also he has been denied due process of law under the Fifth Amendment to the Constitution.

"Defendant's mother obtained a copy of the transcript filed by the court reporter. This transcript as originally filed contained these statements:

"Mr. Stephenson: Have you been advised as to the possible penalties that might be imposed for the violation with which you are charged; that is, Title 21, Section 174, carries on each count a penalty of not less than five, nor more than ten years, or a fine of not more than $20,-000. Has that all been explained by your counsel?

"Mr. Jackson: Yes.

"Mr. Stephenson: And you do understand the penalties?

"Mr. Jackson: Yes.

"Mr. Stephenson: Has any promise been made by any representative of the government that your sentence might be different because you entered a plea? Have promises been made to you by any representative of the government or by anyone else?

"Mr. Jackson: No.'

" * * * At the request of the former United States Attorney, the court reporter, Melvin Durgin, re-examined his original notes which are in evidence as Exhibit 2. He then found, and so testified at the hearing, that in transcribing the same he by error typed the word 'ten' where his original stenograph tape showed the numerals '20', and volunteered that it was caused by his 'complete carelessness.' An experienced reporter, William C. Stanton, who also uses a stenograph, examined the original tape prepared by Mr. Durgin and read it and testified in substance that the maximum penalty was said to be twenty years. The court has personally examined the tape which is in evidence and finds no erasures therein and concludes from the testimony of the two reporters and from his personal examination of the tape that the defendant Jackson was correctly informed as to the maximum penalty that could be imposed. The defendant Jackson himself testified that he did not remember whether the United States Attorney said the maximum penalty was ten or twenty years; that he was under the impression, until he got to the penitentiary, that the sentence was the same for all of the counts with which he was charged. It was also brought out in his examination that he thought it was to his interest to plead to both of the indictments at one time in Iowa so that he did not become a second offender and subject to sentence as such. The defendant Jackson also claimed, and so testified, that prior to sentencing, the Assistant United States Attorney told him that he would recommend him to a five year sentence. He claims also that the Assistant told him that if the court asked if he had been promised anything to say 'No'. He testified that he had had no previous criminal record, and relied upon the Assistant U. S. Attorney's statements and was under the impression that he would receive a five year sentence. On cross-examination he readily admitted that he understood Judge Hicklin would pass the sentence and that the Attorney had no way of telling what Judge Hicklin would do in the way of sentence.

* * * * * *

"The court finds from the evidence that defendant Jackson was correctly informed of the maximum penalty of twenty years for a violation of Title 21, Section 174; that the error of the court reporter in transcribing his notes and inserting therein in the original transcript which he filed 'ten years', was inadvertent; that it was not willful or deliberate and was not done to injure, harm or mislead the defendant Jackson or to embarrass the United States Attorney or the court. The embarrassment of the court reporter has been obvious and this Judge, for

whom he has reported many cases during the past two years, is pleased to observe that he is both an honorable man and a highly competent reporter. The Court finds that no promise was made Jackson by the Assistant United States Attorney to recommend a five year sentence and that the Assistant United States Attorney did not advise or counsel defendant to tell the presiding Judge that no promises had been made.

\*      \*      \*      \*      \*      \*

" \*   \*   \* It follows that the motion of the defendant in each case for modification of judgment and sentence and for leave to withdraw the plea of guilty must be overruled and denied. \*   \*   \* "