**UNITED STATES of America,
Plaintiff,**

v.

**William S. CULBERT, Defendant.**

**No. 21201–4.**

United States District Court
W. D. Missouri, W. D.

March 20, 1963.

334

F. Russell Millin, U. S. Atty., by Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

William S. Culbert, pro se.

BECKER, District Judge.

On January 5, 1962, in the United States District Court for the Western District of Missouri, William S. Culbert, the movant herein, appearing in person and by his Court-appointed counsel, Stanford M. Katz, waived indictment and entered a plea of not guilty to a three-count information charging in Count I that on December 7, 1961, he did acquire and otherwise obtain a quantity of marihuana without having paid the transfer tax thereon, in violation of Title 26 U.S. C.A. § 4744(a); in Count II that on December 8, 1961, he did transfer a quantity of marihuana not pursuant to a written order of the person to whom said marihuana was transferred, in violation of Title 26 U.S.C.A. § 4742(a); and in Count III that on December 8, 1961, he did acquire and otherwise obtain a quantity of marihuana without having paid the transfer tax thereon, in violation of Title 26 U.S.C.A. § 4744(a).

On January 30 and 31, 1962, defendant was tried before a jury and found guilty on all three counts.

On February 9, 1962, this Court sentenced defendant to two years on each of Counts I and III and to six years on Count II, and ordered the sentences on all counts to run concurrently.

On July 3, 1962, defendant filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure to reduce sentence and for correction of illegal sentence and a petition for a writ of *habeas corpus ad testificandum.* The motion and petition were overruled October 22, 1962. United States v. Culbert (W.D. Mo.), Criminal No. 21201–6.

Defendant subsequently filed a motion pursuant to Title 28 U.S.C.A. § 1915, "for Leave to be Granted a Transcript Copy of the Minute and records filed \* \* \*" in United States v. Culbert (W.D.Mo.), Criminal No. 21201–4. This motion was overruled by this Court's order of December 18, 1962, because viewed as a motion pursuant to Title 28 U.S.C.A. § 1915, defendant's motion failed to disclose any pending suit, action, proceeding or appeal as contemplated by that section and was not accompanied by the requisite affidavit, and because viewed as a motion pursuant to Title 28 U.S.C.A. § 2250, the motion was not related to any petition for writ of *habeas corpus* filed in this Court by or on behalf of the defendant (and because in any event, this Court did not have jurisdiction to entertain such a petition since the defendant was incarcerated outside the territorial jurisdiction of this Court). On December 27, 1962, one week after the issuance of this Court's order overruling the last mentioned motion, the Clerk of this Court received and filed a "Response to Respondent Brief of Opposition for Certified Copies of Records and Transcript in Forma Pauperis."

In this "Response" the defendant asserts that his trial counsel was ineffective in

(a) "waiving unstitutional [sic] right of indictment,"

(b) "Failure to motion to have Insubstantial Evidence Suppressed \* \* \* Evidence which was Hearsay and uncorroborated," and

(c) "not advising Petitioner of his right for an appeal and therefore disqualified him because of the 'in time clause' in filing notice of appeal."

Defendant further stated that "there are reversible errors and prejudicial errors that happen during the course of the

trial which the Records & Transcript will verify and wherefore Petitioner prays that said transcript & Record will be afforded Petitioner without prepayment or cose [sic]."

This last communication from the defendant will be treated as (1) a motion to vacate sentence pursuant to Title 28 U.S.C.A. § 2255, and (2) a renewal of the previously denied motion pursuant to Title 28 U.S.C.A. § 1915.

Considered as a motion pursuant to section 2255, the motion claims that the defendant was denied effective representation by counsel as guaranteed by the Sixth Amendment to the United States Constitution.

■■ These attacks upon the competency of counsel are not received with much sympathy by the courts. Gallarelli v. United States (C.A.1) 260 F.2d 259; Dario Sanchez v. United States (C.A.1) 256 F.2d 73; Walker v. United States (C.A.7) 218 F.2d 80; Ford v. United States (C.A.6) 234 F.2d 835, l. c. 837; United States ex rel. Swaggerty v. Knoch (C.A.7) 245 F.2d 229; United States v. Miller (C.A.2) 254 F.2d 523. Nevertheless each case must be decided on its individual merits, and the Court must carefully protect the right granted by the Sixth Amendment to an accused in a criminal proceeding to have the assistance of counsel for his defense as "This is one of the safeguards * * * deemed necessary to insure fundamental human rights of life and liberty." Johnson v. Zerbst, 304 U.S. 458, l. c. 462, 58 S.Ct. 1019, l. c. 1022, 82 L.Ed. 1461, l. c. 1465.

■ First we will consider the complaint that counsel waived indictment. A transcript of the arraignment proceedings, filed herein, shows that the defendant voluntarily waived indictment personally and with a full understanding of his rights. Counsel's announcement of the waiver of indictment was not acted upon by the Court. The defendant was personally examined by the Court, was advised of his rights and personally, knowingly and voluntarily waived the indictment. The transcript on arraignment is made a part hereof by reference.

■ Next we will take up the complaint that counsel failed to move to have hearsay and uncorroborated evidence suppressed. No motion to suppress such evidence was authorized or required. Counsel vigorously defended the accused and made every objection reasonably possible. Stanford M. Katz, Esquire, acting for the defendant by appointment of this Court, displayed extraordinary zeal, vigor and skill in the defense of this case. The extensive trial notes kept by the Court, filed in this case and made a part hereof by reference, simply confirm a clear memory of the superior performance of defense counsel. A transcript of the evidence would add nothing substantial and has not been ordered.

The alleged failure to advise the defendant of his right of appeal must next be considered.

■ From the files and records in this cause no determination can be made about whether defense counsel advised the defendant of his right of appeal. A transcript of the trial proceedings would not aid this determination. The time for taking an appeal has expired under Rule 37(a) (2) of the Federal Rules of Criminal Procedure. The time for taking the appeal cannot be extended by this Court under Rule 45(b) of the Federal Rules of Criminal Procedure.

■ Because no relief in respect to the appeal could be granted by this Court, and because the motion and the files and records in this cause show conclusively that the defendant is entitled to no relief under section 2255, the motion pursuant to Title 28 U.S.C.A. § 2255, will be overruled. Dario Sanchez v. United States (C.A.1) 256 F.2d 73.

■ Turning to that part of defendant's "Response" considered a renewal of the previously denied motion pursuant to Title 28 U.S.C.A. § 1915, the defendant's motion discloses no pending suit, action, proceeding or appeal (other than those ruled upon hereinabove) as contemplated the section 1915. Nor has

petitioner filed the affidavit required by section 1915(b).

Therefore the request for copies of the transcript and record must be denied for the reasons set forth in the memorandum and order filed in this case on December 20, 1962.

It is therefore

Ordered that defendant's "Response" be, and it is hereby, treated as a motion to vacate sentence pursuant to Title 28 U.S.C.A. § 2255, and a motion for transcript and records pursuant to Title 28 U.S.C.A. § 1915. It is further

Ordered that the defendant's motion to vacate be, and it is hereby, overruled. It is further

Ordered that the defendant's motion for transcript and records without cost be, and the same is hereby, overruled.