**Ernest Eugene TAYLOR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 14275-1.

United States District Court
W. D. Missouri, W. D.

March 21, 1963.

Ernest Eugene Taylor, petitioner pro se.

F. Russell Millin, U. S. Dist. Atty., Clifford M. Spottsville, Asst. U. S. Atty., for respondent.

JOHN W. OLIVER, District Judge.

On March 4, 1963, petitioner filed a motion pursuant to § 2255, Title 28 United States Code, to vacate and set aside his conviction on a plea of not guilty, after a trial before this Court sitting as a trier of the facts, of guilty as charged in each of four counts charging violations of the narcotics law, and his sentence of the minimum mandatory concurrent term of ten years.

By a letter to this Court, dated March 6, 1963, petitioner requested that a letter to him from his appointed counsel, Bryon N. Baker, Esq. of the Kansas City Bar, dated February 28, 1963, be attached as an exhibit to his motion. That request is granted and the letter will be considered as a part of petitioner's motion. Leave is also granted petitioner to proceed in forma pauperis.

The Government, within extended time, and on March 19, 1963, filed its suggestions in opposition to petitioner's motion. At least inferentially, it suggests that the motion should be overruled without a hearing. Had petitioner's motion been more definitive so far as factual allegations were concerned, we would have followed the Government's sug-

gestion for much the same reasons stated by our colleague, Judge Becker, in United States v. Culbert, D.C.1963, 215 F.Supp. 333.

But our examination of petitioner's motion reveals that it is in an almost standard form not dissimilar to the many that are filed on behalf of particular inmates serving sentences in federal penal institutions. In fact, most of the Section 2255 motions that are presented, at least to the judges of this district court, follow an almost identical form and most cite and quote from the quite familiar cases.

Petitioner's motion in this case presents essentially the same procedural problem that we dealt with in Burleson v. United States, W.D.Mo.1962, 205 F. Supp. 331. In that case we followed in part, a procedural precedent established in connection with an earlier § 2255 motion filed by the very same movant involved in this case. In that case, Taylor v. United States, 8th Cir. 1956, 229 F.2d 826, the present petitioner unsuccessfully attempted to have set aside his first narcotics conviction. Following procedure followed by Judge Ridge in that case, we gave petitioner in Burleson fifteen (15) days in which to file an amendment to his motion in which he would set forth facts, as distinguished from legal conclusions. We felt then, and feel now, that it is eminently unfair to permit any inmate of a federal institution to unwittingly run afoul of the laws relating to perjury and subornation of perjury (Title 18 United States Code, §§ 1621 and 1622), without a full and fair understanding that the statutes relating to those subjects afford the only real protection against a prisoner who desires "to swear to Munchausen tales" to use the language of the dissenting opinion in Machibroda v. United States, 368 U.S. 487, 497, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

In Burleson, we appointed counsel to afford the petitioner every reasonable protection and opportunity to comply with our order that facts, rather than conclusions, be alleged, and imposed the further duty upon counsel to confer with the petitioner in that case in order not only to determine the exact nature of his complaint but to check the factual accuracy of that complaint to a degree sufficient to advise the petitioner in regard thereto and to advise him generally and specifically in regard to all matters of law concerning further proceedings in this Court and the applicability of the related statutes of the United States thereto. The ultimate disposition of Burleson v. United States is reported W.D.Mo.1962, 209 F.Supp. 464.

Because of the conclusory allegations in petitioner's motion and the similarity of the procedural situation, because of the Court's intimate familiarity and personal observation of the excellent legal service rendered petitioner by Mr. Baker under appointment of this Court, and because this Court feels that its duty to persons in petitioner's situation extends even to the point of protecting him from himself, the Court appoints Thaddeus C. McCanse, Esq., another able member of the Kansas City Bar, to represent petitioner in connection with further proceedings in this case. By our appointment of Mr. McCanse we do not in any way reflect upon the services heretofore rendered by Mr. Baker. Petitioner at this late date seeks to attack Mr. Baker's representation and that circumstance, and that circumstance alone, requires that counsel other than Mr. Baker be appointed.

The Clerk is ordered to furnish Mr. McCanse with copies of all matters in the files of this Court concerning this proceeding and with a certified copy of this order making his appointment in order that he be in a position to carefully review the same before conferring with the petitioner.

IT IS SO ORDERED.