Ernest Eugene TAYLOR, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 14275–1.

United States District Court
W. D. Missouri, W. D.

Dec. 6, 1963.

Thaddeus McCanse, Kansas City, Mo., for plaintiff.

F. Russell Millin, U. S. Dist. Atty., Clifford M. Spottsville, Asst. U. S. Dist. Atty., for defendant.

JOHN W. OLIVER, District Judge.

This is a Section 2255 proceeding. Petitioner seeks to vacate and set aside the judgment and commitment we entered on December 12, 1962. On that

date this Court, sitting as the trier of the facts, found petitioner guilty as charged in a four count information that alleged violations of Sections 4742(a) and 4744(a), Title 26 United States Code. Minimum mandatory sentences of a total of ten years were imposed. Petitioner was represented by appointed counsel, Bryon N. Baker, Esq.

Because an attack was made in regard to Mr. Baker's representation at the trial, we appointed Thaddeus C. McCanse, Esq. to represent petitioner in this Section 2255 proceeding. See Taylor v. United States, W.D.Mo.1963, 215 F.Supp. 336.

Petitioner's motion was the subject of a full evidentiary hearing on November 1, 1963. It was there developed that no factual dispute existed between the parties (Tr. 34) [1]; that petitioner did not want to testify (Tr. 30–31); that "the only thing I could say on the stand is, I am not guilty of the charge, and that is all I can say" (Tr. 31) "and that Mr. McCanse's presentation of the two questions of law to be presently discussed was in full accordance with petitioner's wishes" (Tr. 31).

A supplemental motion was filed on behalf of petitioner on October 24, 1963, by Mr. McCanse, appointed, as we have stated, to represent petitioner in the Section 2255 proceeding. That supplemental order raised two questions of law. It alleged first that Mr. Baker lacked previous criminal trial experience and that "the failure of the Court to appoint experienced counsel to advise and assist [petitioner], court appointed counsel [Mr. Baker] was unable to represent petitioner properly and to see that his rights were protected by due process of law, as guaranteed by the Fifth Amendment of the Constitution of the United States".

Secondly, that motion, in reliance upon Lauer v. United States, 7 Cir. 1963, 320 F.2d 187, alleged that this Court lacked jurisdiction to impose sentence "because Count I and III [charging violations of

Sections 4742(a), Title 26, United States Code] were so defective as not to charge an offense under any reasonable construction in that they failed to name the person to whom the marijuana in question was transferred".

Additional briefs have been filed since the hearing and we rule the two questions of law in the order stated.

### I.

*Representation by Counsel Issue.* Petitioner's attack is predicated on both the Fifth and the Sixth Amendment. It is conceded, at least by implication, that petitioner did, as required by the Sixth Amendment, "enjoy the right * * * to have the Assistance of Counsel for his defence". But petitioner contends that general due process considerations required by the Fifth Amendment command that the counsel appointed pursuant to the Sixth Amendment be "experienced" counsel. It is not urged that appointed counsel must also be successful counsel; nor does petitioner's motion suggest that experienced counsel would have been successful counsel in this case. Specifically, Mr. McCanse candidly stated that "I do not charge Mr. Baker with being incompetent. I charge he is inexperienced, and I am sure that he is very competent for the experience that he has had" (Tr. 8). Mr. McCanse agreed that Mr. Baker fitted into the category established by Senator Ervin's article in The American Bar Association Journal for May, 1963, when he said "Most young lawyers meet their responsibilities in the court room with zeal and imagination" (Tr. 26).

Mr. McCanse also stated:

"The Court has asked me specifically to point out any example where Mr. Baker was deficient. I cannot point out any concrete, specific example, other than I have previously mentioned in regard to the opinion of the 7th Circuit that has not yet

---

1. This and other like references are to the transcript of the proceedings held No-

vember 1, 1963, on petitioner's Section 2255 motion.

been published [referring to Lauer]." [2] (Tr. 27).

It is apparent from the foregoing that the question of adequacy of counsel therefore boils down to a question of law.

■ It is certain that in a Section 2255 proceeding, "the burden is on the petitioner to establish a basis for relief", Taylor v. United States, 8 Cir. 1956, 229 F.2d 826, 827, 832 (an appeal involving another Section 2255 motion filed by the petitioner here involved subsequent to his first narcotic conviction). We earlier commented on our "intimate familiarity and personal observation of the excellent legal service rendered petitioner by Mr. Baker" in our order appointing Mr. McCanse (page 337 of 215 F.Supp.)

■ We are confident that if any even prima facie specific complaint of prejudice could have been brought to our attention, Mr. McCanse would have done so, unpleasant as that duty might have been. We confirm the initial observation we have already made concerning Mr. Baker's representation and further find that such representation was vigorous and in the highest tradition of the Bar. The Constitution guarantees the assistance of counsel; not the appointment of successful counsel. The petitioner made the facts; not his attorney.

■ We rule petitioner's first contention against him both on the facts and on the law. On the law, we direct attention to Judge Becker's opinion in United States v. Culbert, W.D.Mo.1963, 215 F.Supp. 333, and to the cases there cited. We accept and apply what was there said to the facts as we have found them in this case.

## II.

*Rejection of Seventh Circuit Rule.* We will not follow Lauer v. United States, supra, because we do not think it either soundly reasoned or supported by the authorities upon which it purports to rely. We do not think Rivera v. United States, 9th Cir., 318 F.2d 606, is distinguishable in principle from the situation involved in Lauer, as was held in the latter case (page 191 of 320 F.2d). We shall therefore follow and apply the rationale of Rivera until otherwise directed by our own Court of Appeals.

■ Counts I and III of the information set forth all of the essential elements of the crime, the time and place were identified, as was the amount of marihuana allegedly transferred. We can not see how the information could be vulnerable to attack even on direct appeal, to say nothing of an attack under Section 2255. See United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). We, of course, do not rule here that the information may not have been subject to a motion for bill of particulars. But that is not to say that all indictments or informations that are subject to a bill of particulars are constitutionally defective.

The practice of this Court and the considerations that control the exercise of our judicial discretion are well stated by Mr. Justice (then Judge) Whittaker in United States v. Smith, W.D.Mo.1954, 16 F.R.D. 372. That decision recognizes that there may, in a particular case, be difficulty in preparing to meet the general charges of an information which does not specify the identity of the person or persons dealt with (see page 375 of 16 F.R.D.) In other particular cases, including this one, no such difficulty would be presented at all.

In a case involving an indictment or information in the standard form as is involved in this case, we believe that most district judges, and certainly the district judges that serve this Court, would, upon a proper showing, sustain a motion for a bill of particulars as a matter of course.

**2.** Of course, neither Mr. Baker nor anyone else, experienced or otherwise, could have been expected to have cited Lauer to this Court at the time of trial on December 12, 1962. Lauer was not decided by the Court of Appeals for the Seventh Circuit until July 17, 1963.

 The acceptance of the theory of notice pleading by the Rules of Criminal Procedure may not be viewed in isolation. Those rules must be viewed as a coordinated system for the administration of criminal justice. Particular attention must therefore be focused on the rules providing for discovery. See Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951).

But the question of whether discovery should be permitted is an entirely different question from whether an indictment or an information is fatally defective. In regard to the former question, Mr. Justice Brennan, in his article "The Criminal Prosecution: Sporting Event or Quest for Truth?", 1963 Wash.U.L.Q. 279, 293, recognized that "the extent to which discovery should be allowed in particular cases will present complex problems. There will be questions for the exercise of sound discretion depending upon the particular materials of which discovery is sought. * * * In other words, there will be much need for the striking of a proper balance in individual cases".

An acceptance of the idea that a failure to name in the indictment or information the person to whom marihuana was allegedly transferred must in all cases result in constitutional prejudice to all defendants would be to force criminal pleading back to well forgotten days. This we are not willing to do. If a particular judge should improperly overrule a motion for bill of particulars, and should prejudice be established, one sort of case would be presented.

But if, as in this case, there was no real or apparent necessity for the filing of a bill of particulars in the first place, and where there is no claim of prejudice that any alleged failure to know the identity of the transferee before trial is made in the subsequent review pursuant to Section 2255, we believe that an entirely different case is presented.

 We find and determine that this case falls into the latter classification and that the petitioner suffered no prejudice from the fact that Counts I and III did not identify the person to whom the marihuana was allegedly transferred. Cf. Hallman v. United States, 1953, 93 U.S.App.D.C. 39, 208 F.2d 825, 826.

Because of the anticipated number of cases we expect will be filed in this Court in reliance upon Lauer v. United States, supra, this Memorandum and Order was circulated among all the active judges of this Court. My colleagues, Chief Judge Gibson and Judges Duncan and Becker have authorized me to state their concurrence with Section II of this Memorandum and Order as it relates to Lauer v. United States. They, of course, do not express any view in regard to the factual determination made in regard to the adequacy of counsel question, discussed in Section I.

For the reasons stated, petitioner's Section 2255 motion should be and is hereby denied.

It is so ordered.