David JACKSON, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 17395.

United States Court of Appeals
Eighth Circuit.

Dec. 30, 1963.

David Jackson, pro se.

Donald A. Wine, U. S. Atty., Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis by David Jackson, Jr., whom we shall refer to as defendant, from order of the district court denying his motion to vacate and set aside excessive sentence filed December 19, 1962, pursuant to 28 U.S.C.A. § 2255. The prior history of this litigation is fully set out in our opinion affirming the denial of a prior § 2255 mo-

tion. Jackson v. United States, 8 Cir., 304 F.2d 243. Such motion was based largely on defendant's contention that he was misinformed to his prejudice with respect to maximum sentence that could be imposed and that his plea of guilty was induced by false promises by the United States Attorney. It would appear that upon appeal in such case, the defendant raised the issue "that matters relating to his arrest and arraignment, and the sufficiency of the allegations of the indictments to which he pleaded guilty were not in accordance with due process of law." We held that such issue could not be considered as it had not been raised in the trial court. Thus it would appear that the defendant has not previously raised in a § 2255 motion the issue of the sufficiency of the indictment.

Defendant in Counts I, II and III of the indictment here involved, which was filed on November 20, 1957, was charged with a violation of 21 U.S.C.A. § 174, in that he made illegal sales of heroin on three different specified occasions. Count V charges defendant with conspiracy to violate 21 U.S.C.A. § 174.

Count I reads:

"That defendant David Jackson, Jr., on or about the 31st day of August, 1957, at Des Moines, in the Southern District of Iowa, unlawfully and knowingly received, concealed, sold and facilitated the sale of a certain narcotic drug, a derivative of opium, to wit: 4 grains of heroin, knowing the same to have been imported into the United States contrary to law. (21 U.S.C., Sec. 174)"

Counts II and III are identical except for date of offense and amount of heroin.

Defendant appeared by court-appointed counsel. Initially, he entered a plea of not guilty. Thereafter, with consent of court, he withdrew such plea and voluntarily entered a plea of guilty to Counts I, II, III and V. The pleas were accepted by the court and in due course defendant was sentenced to 15 years imprisonment on each count, the sentences to run concurrently. At the same time defendant upon plea of guilty was sentenced to serve 10 years on each count of a two-count Illinois federal narcotics violation indictment transferred under Rule 20 with defendant's consent, said sentences to be concurrent with each other and concurrent with those imposed on the Iowa indictment. No attack is here made on the judgments entered in the transferred case.

This court on the prior appeal heretofore referred to found defendant's pleas of guilty were voluntarily, knowingly and intelligently made and that such pleas were not coerced.

The points raised by the defendant in this appeal are (1) the indictment fails to descend to particulars and is fatally defective, and (2) the sentence is in excess of the maximum authorized by law under 21 U.S.C. § 174.

Defendant claims the indictment is fatally defective because it fails to state: (1) the persons to whom the narcotics were sold; (2) that defendant is charged with a violation of 21 U.S.C. § 174 *as amended by the Narcotics Control Act of 1956* (the indictment cites 21 U.S.C. § 174); (3) that the narcotics were imported contrary to law; and (4) that the defendant had possession of the narcotics.

All said attacks are adequately answered in the trial court's memorandum opinion. While we completely agree with the trial court's conclusion that the indictment is sufficiently specific and is not fatally defective, we deem it unnecessary to discuss such issues in detail since we are convinced the trial court correctly determined that the indictment is not subject to the collateral attack here made upon it by defendant's § 2255 motion.

In Keto v. United States, 8 Cir., 189 F.2d 247, 251, after a full consideration of the pertinent authority, this court speaking through Judge Sanborn states:

"The rule, then, is that the sufficiency of an indictment or infor-

mation is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of 'large importance', that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction. The instant case is obviously not such a case."

We have consistently followed such rule. Among our recent cases so holding are Bent v. United States, 8 Cir., 308 F.2d 585, 586; Roth v. United States, 8 Cir., 295 F.2d 364, 365; Willis v. United States, 8 Cir., 289 F.2d 581, 583; Harris v. United States, 8 Cir., 288 F.2d 790, 792–794.

Other courts of appeal have applied the same rule. Rivera v. United States, 9 Cir., 318 F.2d 606, 607; Castano v. United States, 7 Cir., 313 F.2d 857, 858; United States v. Roberts, 4 Cir., 296 F.2d 198, 201.

Defendant places principal reliance upon Lauer v. United States, 7 Cir., 320 F.2d 187. The indictment in that case was under 26 U.S.C.A. § 4705(a). The court held the indictment vulnerable to an attack on a § 2255 motion but distinguished Rivera v. United States, supra, upon the basis the charge there made was under 21 U.S.C.A. § 176a. Section 176a is quite similar to § 174 here involved. Thus, Lauer may be distinguishable from our present case. To the extent that the rule in Lauer may be inconsistent with our rule in Keto and our cases following Keto, we observe that we are not bound by Lauer and do not choose to follow it.

The indictment and defendant's plea of guilty thereto were entirely adequate to confer jurisdiction upon the trial court. Defendant has been deprived of no constitutional right. He has been fully informed of the charge against him and the foundation exists for defendant asserting former jeopardy upon any attempt to prosecute him again for the same offense. Factually, this case clearly falls under the general rule stated in Keto. No exceptional circumstances or questions of "large importance" are present here which require a departure from the general rule that indictments are not subject to collateral attack by § 2255 motions.

Defendant's claim that he cannot be sentenced under 21 U.S.C. § 174 as amended because the indictment referred only to 21 U.S.C. § 174 without adding the words "as amended" is plainly frivolous and it warrants no prolonged discussion. Obviously, a citation to an existing official code section includes all amendments thereto then in force. At the time of the crime, the indictment and the sentence, the penalty for violation of 21 U.S.C. § 174 included imprisonment up to 20 years. As pointed out in our prior opinion, defendant was advised before plea that the offense carried a maximum penalty of 20 years. The 15 year concurrent sentences imposed were within the statutory maximum. The court properly denied defendant's motion.

The judgment is affirmed.