Troy Lee COCHRAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 4723.

United States District Court
W. D. Kentucky,
at Louisville.
May 5, 1964.

Troy Lee Cochran, for plaintiff.

Wm. E. Scent and John E. Stout, Asst. U. S. Attys., Louisville, Ky., for defendant.

58

SHELBOURNE, District Judge.

The plaintiff, Troy Lee Cochran, was convicted in this Court under an indictment charging an unlawful transfer of marihuana in violation of Section 4742 (a) of Title 26 United States Code. The indictment alleged the offense substantially in the language of the statute but did not name or identify the person to whom the alleged illegal transfer was made. In his civil proceeding under Section 2255 of Title 28 United States Code, plaintiff claims that the omission of the transferee's name from the indictment renders the same so defective that the conviction thereon is subject to collateral attack and avoids the conviction.

Plaintiff relies upon the decision in Lauer v. United States, 7 Cir., 320 F.2d 187 (1963), which held that the identity of the person to whom an illegal sale of narcotics is alleged to have been made was a vital factor and cited Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), in support of its holding.

There is no doubt that the holding in the Lauer case is as claimed by the plaintiff. However, in Rivera v. United States, 9 Cir., 318 F.2d 606 (1963), it was held that failure to name a purchaser of narcotics in a prosecution for illegal sale of imported marihuana was no ground for collateral attack upon the judgment of conviction. In Clay v. United States, 10 Cir., 326 F.2d 196 (1963), the court declined to follow the Lauer decision and held that there was no requirement in the statute with respect to the identity of persons to whom an illegal sale of narcotics was alleged to have been made and that the identity of such persons was not an element of the offense. Moreover, in the cases of Taylor v. United States, D.C. Mo., 224 F.Supp. 82 (1963), and Jackson v. United States, 8 Cir., 325 F.2d 477 (1963), the holding of the Lauer decision was specifically rejected.

It is concluded by the Court that the indictment in the instant case was not subject to the infirmity claimed by the plaintiff and the judgment of conviction is not subject to attack under Section 2255 of Title 28 United States Code.

An order overruling plaintiff's motion to vacate his judgment of conviction is this day entered.