Ernest Eugene **TAYLOR**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 17560.

United States Court of Appeals Eighth Circuit.

June 22, 1964.

Thad C. McCanse, Kansas City, Mo., for appellant.

F. Russell Millin, U. S. Atty., and Clifford M. Spottsville and Bruce C. Houdek, Asst. U. S. Attys., Kansas City, Mo., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

VOGEL, Circuit Judge.

Ernest Eugene Taylor, who will hereinafter be referred to as the defendant, brought this proceeding under 28 U.S.C.A. § 2255 to vacate and set aside his conviction on four counts of an information charging transfer and possession of marihuana in violation of 26 U.S.C.A. §§ 4742(a) and 4744(a). Appearing with court-appointed counsel, defendant waived indictment and pleaded not guilty as

to all counts of the information. Defendant also waived trial by jury and on December 12, 1962, was tried before the Honorable John W. Oliver, United States District Judge, in the Western District of Missouri. The government presented the testimony of five witnesses to establish the charges contained in the four counts of the information. At the close of the government's case, defendant in his own behalf, and his mother testified. The court found defendant guilty on all four counts. Thereafter the government established that this was a second offense. See Taylor v. United States, 8 Cir., 1956, 229 F.2d 826. Upon this showing, the defendant was sentenced to serve a term of ten years on each of Counts 1 and 3 and a term of five years on each of Counts 2 and 4, all such sentences to be served concurrently, meaning a total sentence of ten years which defendant is now serving in the United States Penitentiary at Leavenworth, Kansas.

Subsequently the defendant, appearing *pro se,* filed a petition under 28 U.S.C.A. § 2255. In his petition he alleged, *inter alia,* the inadequacy of his court-appointed counsel. Because of that fact, Judge Oliver appointed other counsel for the defendant. See Taylor v. United States, D.C.W.D.Mo., 1963, 215 F.Supp. 336. A supplemental motion was filed by newly appointed counsel in which two issues were presented: First, it was charged that the court-appointed counsel at the time of trial was inadequate; and, second, that Counts 1 and 3 of the information were fatally defective for the reason that they failed to name the transferee of the marihuana. A full evidentiary hearing was held before Judge Oliver who, on December 6, 1963, issued his Memorandum and Order denying defendant's motion. See Taylor v. United States, D.C.W.D.Mo., 1963, 224 F. Supp. 82. In appealing to this court, the defendant sets forth the following claims:

"1. Counts I and III of the Information are subject to collateral attack because the acts set forth fail to charge an offense, and therefore, the sentencing Court had no jurisdiction to render judgment thereon.

"2. Counts I and III of the Information failed to name the person to whom the transfer was made, and therefore, are so defective on their face that they fail to charge an offense under any reasonable construction.

"3. The right to assistance of counsel for the defense in criminal cases guaranteed by the Sixth Amendment means adequate and effective counsel. This right is not satisfied by the appointment of counsel with little or no previous trial experience."

As to the first point, defendant concedes that while ordinarily the sufficiency of an information or an indictment will not be reviewed in a collateral proceeding, it should nevertheless be examined to see if it affords a jurisdictional basis for the conviction. Defendant relies primarily on Lauer v. United States, 7 Cir., 1963, 320 F.2d 187. Therein the court held that an indictment charging unlawful sales of narcotics was so defective on its face because of failure to set forth the name of the person to whom the unlawful sales of narcotics were made, that a motion under § 2255 to set aside the sentences should have been granted even though the defendant was informed of the identity of the person on the day of trial.

■ The rule in this court with reference to collateral attacks on an information or indictment was expressed by Judge John Sanborn in Keto v. United States, 8 Cir., 1951, 189 F.2d 247, 251, as being:

"* * * the sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of 'large importance', that the need for the remedy sought is apparent, and that the offense charged was one of which the

sentencing court manifestly had no jurisdiction."

Keto was reaffirmed in Barnes v. United States, 8 Cir., 1952, 197 F.2d 271, wherein this court said at page 273:

" * * * We agree that the second and third counts of the information were defective, but we cannot agree that they, or either of them, were or are subject to collateral attack or that the court was without jurisdiction to impose the sentence now challenged. This case is ruled by Keto v. United States, 8 Cir., 189 F.2d 247, 251, and Rowley v. United States, 8 Cir., 191 F.2d 949, 951. *It is only under exceptional circumstances that the sufficiency of an indictment or information may be made the subject of a collateral attack after conviction.*" (Emphasis supplied.)

We also had occasion to again consider the question in Jackson v. United States, 8 Cir., 1963, 325 F.2d 477, 479, where we specifically considered Lauer:

"Defendant places principal reliance upon Lauer v. United States, 7 Cir., 320 F.2d 187. The indictment in that case was under 26 U.S. C.A. § 4705(a). The court held the indictment vulnerable to an attack on a § 2255 motion but distinguished Rivera v. United States, supra [9 Cir., 1963, 318 F.2d 606], upon the basis the charge there made was under 21 U.S.C.A. § 176a. Section 176a is quite similar to § 174 here involved. Thus, Lauer may be distinguishable from our present case. To the extent that the rule in Lauer may be inconsistent with our rule in Keto and our cases following Keto, we observe that we are not bound by Lauer and do not choose to follow it."

The rule of Keto, Barnes and Jackson in this circuit is little different from that expressed in Lauer at page 189 of 320 F.2d:

" * * * In connection with whether the sufficiency of an indictment is subject to attack in a § 2255 proceeding this Court has stated the rule to be that an indictment is not open to collateral attack under § 2255 *unless* it fails to charge an offense under any reasonable construction. United States v. Koptik, 7 Cir., 300 F.2d 19, 22."

It is in the application of the rule that difficulty seems to be experienced. Our rule means that unless "exceptional circumstances" are shown, the defendant has no standing to collaterally challenge the information as being defective. Under Lauer it would be that the indictment is not open to collateral attack unless it fails to charge an offense under any reasonable construction. We turn, then, to the defendant's second point to the effect that the failure in Counts 1 and 3 to set forth the name of the transferee renders the information fatally defective and therefore leaves the court without jurisdiction. Defendant again relies on Lauer v. United States, supra. We find Lauer unpersuasive. Rule 7(c), Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in part:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * It need not contain * * * any other matter not necessary to such statement."

The Supreme Court in United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S. Ct. 113, 114, 98 L.Ed. 92, in construing Rule 7(c), stated:

" 'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' "

Count 1 of the information in this case charged:

"That on or about July 3, 1962, at Kansas City, Missouri, in the Western Division of the Western District of Missouri, Earnest Eugene Taylor, also known as Earnest E. Taylor, did wilfully, unlawfully, knowingly and feloniously transfer a quantity of marihuana not pursuant to a written order of the person to whom said marihuana was transferred, to-wit, ½ marihuana cigarette. All in violation of Section 4742(a), Title 26, United States Code."

Count 3 was in identical language except for the amount of marihuana involved.

We believe Counts 1 and 3 of the information complied with the provisions of Rule 7(c), supra, and the test as set forth by the Supreme Court in Debrow. Furthermore, as pointed out by Judge Oliver in Taylor v. United States, 224 F.Supp. 82, at page 84, a motion for a bill of particulars would undoubtedly have brought forth the information claimed to be lacking. Additionally, defendant learned the names of the transferees at the time the government witnesses testified in the government's case in chief. The holding in Lauer, i. e., that an information or indictment is fatally defective through failure to identify the purchaser or transferee of the narcotics, has received the attention of several courts. See Clay v. United States, 10 Cir., 1963, 326 F.2d 196; our own case of Jackson v. United States, 8 Cir., 1963, 325 F.2d 477, 479; and Llamas v. United States, D.C.N.Y., 1963, 226 F.Supp. 351, affirmed per curiam in United States v. Llamas, 2 Cir., 1964, 327 F.2d 657. In Clay, supra, at 199 of 326 F.2d, the court discussed this particular problem and " * * * respectfully declined to follow the Lauer case." We likewise decline to follow Lauer and hold that the information herein as to Counts 1 and 3 was not fatally defective through failure to name the transferee. Rivera v. United States, 9 Cir., 1963, 318 F.2d 606, 607. We further conclude that the circumstances are not exceptional and accordingly the challenge to the information must be denied for that additional reason.

Defendant's third and last point has to do with his charge that counsel appointed for him by the court in the trial was inadequate and ineffective, thus falling short of the requirements of the Sixth Amendment. Defendant supports this charge by citing counsel's lack of experience in trial matters and that he (1) made no attack on the information; (2) allowed defendant to go to trial "without knowing what crime he was really charged with"; (3) waived a jury; and (4) took no appeal. As to the first, Lauer v. United States, supra, was not handed down by the Court of Appeals for the Seventh Circuit until several months after defendant's trial and this court expressly does not follow Lauer but specifically holds that the information was adequate under Rule 7(c), F.R. Crim.P., 18 U.S.C.A., and the Supreme Court's construction of that rule in Debrow, and accordingly was not subject to attack for lack of jurisdiction. As to point No. 2, we have held that the information was adequate and, moreover, there is no showing of surprise or prejudice through failure to have the name of the transferee included in the counts. Furthermore, if defendant was in any doubt whatsoever as to the name of the transferee, it could have been obtained by a request for a bill of particulars prior to the time the government witnesses actually made the disclosure. With reference to the third point, the written waiver of a jury was signed by the defendant himself after the court explained to him his constitutional right to trial by jury and his response that he understood his rights and wished the court to hear the case. No prejudice has been shown and we find none. As to the fourth and last point, the record discloses no reasonable or probable cause for perfecting an appeal and Lauer v. United States had not as yet been decided. No prejudice of

any nature has been claimed or much less established and the record discloses none. In addition, Judge Oliver, who was the trial judge, referred specifically to counsel's servces in Taylor v. United States, D.C.W.D.Mo., 1963, 215 F.Supp. 336 at 337:

"* * * because of the Court's intimate familiarity and personal observation of the excellent legal service rendered petitioner by Mr. Baker under appointment of this Court * * *."

And he further stated in Taylor v. United States, D.C.W.D.Mo., 1963, 224 F.Supp. 82, 84:

"We are confident that if any even prima facie specific complaint of prejudice could have been brought to our attention, Mr. McCanse would have done so, unpleasant as that duty might have been. We confirm the initial observation we have already made concerning Mr. Baker's representation and further find that such representation was vigorous and in the highest tradition of the Bar. The Constitution guarantees the assistance of counsel; not the appointment of successful counsel. The petitioner made the facts; not his attorney."

This court in Kilgore v. United States, 8 Cir., 1963, 323 F.2d 369, certiorari denied 376 U.S. 922, 84 S.Ct. 681, 11 L.Ed. 2d 617, had occasion to review in detail a charge that court-appointed counsel was incompetent. After concluding that no such charge had been or could be sustained and that the defendants there were in no way prejudiced, we said 323 F.2d at page 372:

"Adequacy of court-appointed counsel for an indigent defendant in a criminal case may not be measured merely by the results obtained. Holt v. United States, 8 Cir., 1962, 303 F.2d 791, 795. The fact of conviction does not militate against the presumption of competency which attends every such appointment. Tibbett v. Hand, 10 Cir.,

1961, 294 F.2d 68, 73, 'Moreover, there was a presumption that * * court-appointed counsel acted properly * * *.'; United States ex rel. Randolph v. Dowd, 7 Cir., 1958, 259 F.2d 761, 763; Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857, 876, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003, '* * assigned counsel are officers of the court; licensed to practice, upon proof of character and fitness to perform professional duties. There is a presumption of proper performance of duty by each of them * *.' Cf. Washington v. United States, 9 Cir., 1961, 297 F.2d 342, certiorari denied 370 U.S. 949, 82 S.Ct. 1597, 8 L.Ed.2d 815, and Diggs v. Welch, 1945, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002. A showing must be made before that presumption can be overcome."

We find that the denial of defendant's motion herein was entirely proper.

Affirmed.