## SMITH v. UNITED STATES (two cases).
### Nos. 9096, 9097.

Circuit Court of Appeals, Eighth Circuit.
May 6, 1931.

Rehearing Denied June 22, 1931.

Floyd E. Stein and John E. Harris, both of El Dorado, Ark., for appellant.

W. N. Ivie, U. S. Atty., and G. T. Sullins, Asst. U. S. Atty., both of Ft. Smith, Ark.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

Appellant was convicted under two counts of an indictment (case No. 232), one charging unlawful possession, and one an unlawful sale of intoxicating liquor. He was convicted also under three counts of another indictment (case No. 240), one charging an unlawful possession, one an unlawful transportation, and the third an unlawful sale of intoxicating liquor.

Appellant assigns as error the submission of case No. 232 to the jury because of insufficient evidence to justify a conviction. There was no motion or request for a directed verdict. Notwithstanding this fact, the tes-

timony in this case has been examined to ascertain if there was a vital error in the submission of the case. Clyatt v. United States, 197 U. S. 207, 221, 25 S. Ct. 429, 49 L. Ed. 726. There was testimony for the government by a prohibition agent that he had a talk with the defendant about whisky and that the defendant told him to see a man named McClure, who was a mechanic and worked for the defendant at his garage, and that McClure would probably furnish it. The agent went to the garage, and the defendant introduced the agent to McClure and said that that agent wished to purchase some whisky. McClure went to the rear of the garage and returned with some whisky which he delivered to the agent in the presence of the defendant. The agent asked to whom payment should be made for the whisky and the defendant said McClure should be paid, and payment was made accordingly. This was sufficient participation by the defendant in the sale under section 332 of the Criminal Code (18 USCA § 550) which provides: "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." But there is no substantial evidence of the alleged possession by the defendant of this liquor or of his aiding and abetting in the possession of it by McClure.

■ In case No. 240, the indictment charged the defendant with the unlawful possession of five gallons of whisky at a named place, and with unlawful transportation of five gallons of whisky from some unknown place to the place named in the first count and then alleged that the transportation was effected by the use of a Victory Six Dodge sedan, motor No. 87256, an automobile which was seized by the prohibition department, and which was then in custody of the deputy prohibition administrator for the Western district of Arkansas. The third count charged an unlawful sale of five gallons of whisky at the same place referred to in counts 1 and 2. There was testimony that the defendant after the sale by McClure, told two prohibition agents that he had 2,200 gallons of whisky but would sell only in wholesale lots. The defendant finally agreed to sell them five gallons and said he would deliver it in an hour at the place named. The defendant drove up in a Dodge sedan at the time and place agreed upon and delivered the whisky and was paid for it. One of the agents testified that the automobile in which defendant transported the whisky was the same car which was seized by the prohibition department. The defendant did not testify, but produced a number of witnesses who testified that the defendant owned a Dodge Victory Six, and had no other automobile, and that that car was in a repair shop at the time of the alleged offenses. No question of the sufficiency of the evidence of the alleged sale or possession was made in the court below, or is presented on this appeal, except by asking a review of the facts, a jurisdiction not possessed by this court, except that this court may determine whether a verdict is supported by substantial evidence.

■ It is conceded that there was evidence on behalf of the United States tending to show that the automobile described in the indictment was the vehicle in which the liquor was transported, but complaint is made of a portion of the instructions of the court, in which the court told the jury, in substance, that under the second count in case No. 240, the transportation was the essential thing and that it was not necessary for the government to prove that the automobile used in this transportation was the Victory Six Dodge sedan, motor No. 87256, mentioned in that count of the indictment. It is claimed that this submitted the case to the jury upon evidence that was a variance from the allegations. Since the enactment in 1872 of section 1025 of the Revised Statutes (18 USCA § 556), providing that, "No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant," there has been some relaxation of the former rules on the subject of variance. The essential thing to be considered is whether the allegations and proof so correspond as to inform the defendant of the charge against him and to protect him against another prosecution for the same offense. Bennett v. United States, 227 U. S. 333, 338, 33 S. Ct. 288, 57 L. Ed. 531; Hoke v. United States, 227 U. S. 308, 324, 33 S. Ct. 281, 57 L. Ed. 523, 43 L. R. A. (N. S.) 906, Ann. Cas. 1913E, 905; Mathews v. United States (C. C. A.) 15 F.(2d) 139, 144; Day v. United States (C. C. A.) 28 F.(2d) 586, 587.

In Friedman v. United States (C. C. A.) 276 F. 792, 795, the indictment charged the defendant with an unlawful importation of aigrettes into the United States on the steam-

er La France on May 27th, but it was held that it was unnecessary for the government to prove that the importation was by the steamer La France or at the date charged and that the allegation of the means of transportation by the steamer named was surplusage.

In Anderson v. United States (C. C. A.) 294 F. 593, 595, an indictment alleged that the defendant unlawfully possessed intoxicating liquor, which was in custody of the American Railway Express Company in a car marked and known as "P. R. R. 2471." It was held that the allegation as to the custody of the liquor was surplusage. We think that the allegation in this case of the description of the automobile in which the liquor was transported was surplusage (see Stine v. United States [C. C. A.] 32 F.(2d) 742, 743), and that there was no variance between the allegations and proof as to this automobile, which was prejudicial to the defendant, within the rules stated in the cases which have been cited. Objection was also made because the court declined an offer of the defendant to allow the jury to view the automobile which the defendant claimed had been under repair at the time of the alleged transportation, but it does not appear how such a view would aid the jury, and it also appeared that the defendant had possession of the car for the preceding six months, and there was no offer of proof that its present condition was not different from that on the occasion of the transportation. There was no error in refusing this offer of proof.

The sentence of the court on the two counts charging sale was imprisonment in the United States penitentiary, the sentences being concurrent. The sentence under counts 1 and 2 in case No. 240 was the payment of a fine, with imprisonment in the penitentiary until the fine was paid. The sentence to imprisonment in the penitentiary as a means of enforcing nonpayment of the fine was erroneous. Cahill v. Biddle (C. C. A.) 13 F. (2d) 827, 829; Bonner v. United States (C. C. A.) 46 F.(2d) 619, 621.

The judgment under count 1 in case No. 232 will be reversed, and the case under that count remanded for a new trial. The judgments under counts 2 in case No. 232 and 3 in case No. 240 will be affirmed, and the sentences under counts 1 and 2 in case No. 240, will be set aside, with directions to the trial court to impose new sentences upon the verdicts under those counts.