### HALLMAN v. UNITED STATES.
### No. 11609.

United States Court of Appeals
District of Columbia Circuit.

Argued May 22, 1953.

Decided July 7, 1953.

---

Mrs. Jean F. Dwyer, Washington, D. C., for appellant.

Mr. William B. Bryant, Asst. U. S. Atty., Washington, D. C., with whom Mr. Leo A. Rover, U. S. Atty., Mr. William R. Glendon, Asst. U. S. Atty. at the time of argument, and Mr. Arthur McLaughlin, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Mr. Charles M. Irelan, U. S. Atty. at the time the record was filed, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of conviction in a criminal case in the District Court. Appellant Hallman was indicted in five counts, two of. which were dismissed prior to trial, for violation of the narcotics acts.[1] The first count was for a sale "to James Fair" of ten capsules of heroin, not in pursuance of a written order, written for that purpose, "from the said James Fair". The second count was for a purchase and sale of ten capsules of heroin not in or from the original stamped package, and the third count was for the concealment and sale of ten capsules of heroin with the knowledge that it had been imported into the United States contrary to law. The second count contained this sentence: "This is the same heroin hydrochloride which is mentioned in the first count of this indictment." The third count contained a similar sentence. Neither the second nor the third count mentioned any person other than the accused, Hallman.

When the trial opened the Government produced as its first witness an undercover agent who testified that he and a Roland Jones were together and met Hallman and started conversation about buying narcotics. The court interrupted, and the following occurred:

"The Court: Who was Fair?
"The Witness: Fair? Fair's not in this case, sir.

"The Court: Who is James Fair?
"The Witness: James Fair is, was a special employee of the Bureau of Narcotics, but he's not in this case, sir."

It developed that somebody had made a mistake in the indictment. The court dismissed the first count but refused to dismiss either of the other counts. The court was of the view that under those counts it was immaterial who the other person in the transaction was. We agree that, if a defendant in one of these cases goes to trial on an indictment which does not specify or describe another person as being the other party to the alleged transaction, the Government may identify in the course of its proof any person as such party. But we think the quoted sentences from the second and third counts in this case put the matter before us in a different category.

Certainly Hallman and his counsel were entitled to believe, reasonably and normally, that the transactions alleged in all of the counts were the same transaction. The indictment specifically said that the ten capsules in the three counts were the same ten capsules. The first count said the transaction was with James Fair. There was a James Fair, but a man named Jones was, according to the testimony, the alleged vendee in this case. The offenses charged in all three counts were, according to Government proof, in fact one sale of ten capsules by Hallman to Jones.

Counsel for Hallman protested that she had had no chance to prepare a defense respecting an alleged transaction with Jones. She said she had anticipated dealing only with an alleged transaction with James Fair, whom her client knew and with whom he also knew, correctly it developed, he had had no dealing.

Hallman, on the witness stand, gave substantially the same account of events as did the Government agents, except he denied that he was the person who sold

---

i. 26 U.S.C.A. §§ 2554(a), 2553(a); 21 U.S.C.A. § 174.

the capsules to Jones. The alleged Hallman-Jones sale took place in the presence of a third person. That person was not produced. Counsel for Hallman says this person was not produced by the defense because it was not known to the defense that the case involved an alleged transaction with Jones. The trial boiled down to a flat dispute of fact between Hallman and Jones as to who sold the capsules, Hallman or the third person. Defense counsel says that had she anticipated this she would have been prepared to impeach Jones's credibility. In this court the Government says that under the second and third counts possession of the narcotics is enough to constitute a complete offense and therefore the identity of the vendor in a sale is immaterial. But, if that had been the theory of the prosecution at trial, the critical point would still have been a matter of veracity between Hallman and Jones, because Hallman denied having touched the narcotics at all.

We think the position of appellant is well taken. The Constitution requires that the accused be informed "of the nature and cause of the accusation" (Amendment VI), and the cases interpret that to mean that he must be so definitely informed as to be enabled to present his defense.[2] The test, say the courts, is whether the accused was misled. Counsel in the case at bar said and says she was misled. That position is well founded, we think, in view of the specific designation of James Fair in the first count and the statement in the other counts that the capsules were the same in all counts. That latter statement was misleading under the circumstances of the case.

Ferrari v. United States,[3] upon which the Government relies, does not relate to our problem. The defense there was an alibi; the identity of persons present at the alleged transaction was not essential to the defense, because defendant denied that he was there at all. Moreover in that case both the persons concerned (corresponding to Jones and Fair in the present case) were present at the trial and testified, not for the Government but for the defense.

Reversed.

CLARK, Circuit Judge, dissents.

2. Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Smith v. United States, 8 Cir., 1931, 50 F.2d 46; Mathews v. United States, 8 Cir., 1926, 15 F.2d 139; Burke v. United States, 9 Cir., 1932, 58 F.2d 739; Cromer v. United States, 1944, 78 U.S.App.D.C. 400, 142 F.2d 697, certiorari denied, 1944, 322 U.S. 760, 64 S.Ct. 1274, 88 L.Ed. 1588.

3. 9 Cir., 1948, 169 F.2d 353.