Joseph Felix ROBLES, Appellant,

v.

UNITED STATES, Appellee.

Nos. 1632, 1633.

Municipal Court of Appeals for the District of Columbia.

Argued June 1, 1955.

Decided June 29, 1955.

Robert T. Smith, Washington, D. C., for appellant.

·Carl W. Belcher, Asst. U. S. Atty., Washington, D. ,C., with whom Leo A. Rover, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., ·and Harry T. Alexander, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction by the trial court of appellant on two informations charging false advertising in violation of ·D.C.Code 1951, § 22–1411.

The substantive offenses set forth in the informations were identical and charged that the accused:

> "* * * did insert or cause to be inserted in a certain newspaper, certain advertising directly or indirectly to display or exhibit to the public in a manner calculated to induce the readers of said newspaper, for a valuable consideration, to employ the advertisers service, then and there knowing the same to be false, and containing certain false, untrue and misleading statements."

Prior to trial, the United States Attorney was permitted by the court, over appellant's objection, to amend the informations by deleting therefrom the words "for a valuable consideration."

Appellant admitted inserting in a local newspaper the following advertisement:

"All TV Repairs
At Home!
On Credit!
Home Service
Free Home Estimate
Service Call
Phone Em. 3–9848
Sunday Service
Pay Only $1 Weekly
For Your Guarantee"

As a result of this publication, the two complaining witnesses testified that they communicated with appellant for the purpose of having their television sets examined. An employee of appellant came to their homes and informed them that, although there would be no charge for the repair estimates, said estimates would have to be made at the shop. They were also told that they could obtain credit and pay weekly for any repairs needed. Complainants' television sets were then removed from their homes to appellant's place of business. Upon making inquiry of appellant at a later date as to the estimate for repairs, each complainant was informed that the cost of repairs for her set would be $30. When they inquired as to credit terms, appellant told them that he did not repair television sets on credit. Each then requested the return of her set and, although no work had been done on either set, one witness was informed that there would be a charge of $7.50, and the other was told that there would be a charge of $7.00. After a complaint was made to the United States Attorney's Office, both television sets were returned to complainants by appellant without payment of the charges previously demanded. A former part-time employee of appellant testified that he had been instructed by appellant not to make estimates or repairs on television sets at the residences of prospective customers, but instead to bring all sets into the shop for a free estimate.

Appellant testified that he sometimes extended credit to customers and contended that the advertisement applied only to repairs made at a customer's home. Later he stated that he did not give credit to customers, but would refer them to a finance company where, if their credit rating was satisfactory, a loan could be obtained to pay for the repairs. He denied making any demand upon complainants for money before he would return their sets. Although both complainants testified that appellant refused their requests for credit, the record reveals that appellant only denied that one of the witnesses asked for credit.

The record is not altogether clear as to exactly at what stage of the proceedings a second amendment was permitted; whether it was in conjunction with the first amendment made prior to trial which deleted the words "for a valuable consideration," or at the close of the evidence and prior to the findings of the trial court. However, at some time prior to its findings the court permitted the informations to be amended by adding thereto the following: "with intent to barter, sell, or exchange any goods, wares, or merchandise, or anything of value."

The trial judge ruled at the close of the evidence that the Government had proven beyond a reasonable doubt that appellant had, in both cases, violated the statute forbidding false advertising. In a written opinion the court stated that the credit terms offered by appellant in the advertisement were false, untrue and misleading; that appellant knew that such was the case; that such advertisements contributed to inducing the complainants to seek repair services and the necessary materials incident thereto; and that complainants' applications for credit terms were refused.

Assigned as error by appellant is the ruling granting leave to amend the informations. He argues that he was prejudiced by the rulings of the court in that the original complaints did not involve the question of credit, and he was thus taken by surprise.

■ In light of the fact that both amendments were made prior to the findings of the trial court, the only questions for deter-

mination are whether the amended informations charged appellant with any additional or different offense, and whether the substantial rights of appellant were prejudiced thereby. Resolving in favor of appellant any doubts as to the point in time prior to the court's findings that the second amendment was made, nevertheless we find no error.

No authorities need be cited that an information, not being founded on the oath of a grand jury, may be amended, with leave of the court, subsequent to its issuance by the United States Attorney. Rule 6(c) of the Criminal Rules of the Municipal Court provides:

> "(c) Amendment of Information. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. Rule 7(a), F.R.C.P., as modified."

■ We have said that the primary function of an information is to inform the accused of the precise charge against him and give him an opportunity to prepare and present his defense to that charge.[1] In reviewing the question of the adequacy of an information the criteria are that the averments in the information must be such as to enable the accused to understand the nature of the charge against him, intelligently to meet it, and to plead the result,

whether conviction or acquittal, as his protection against another prosecution for the same offense.[2]

■ From the inception of the proceedings, appellant was charged with, and prosecuted for, the crime of false advertising, and at no time did appellant claim otherwise. We cannot see that he was in any way misled by the charges placed against him. See Hallman v. United States, 93 U.S.App.D.C. 39, 208 F.2d 825. At the making of the first amendment, appellant objected and claimed prejudice, but he failed to furnish the court with any reason for such objection. On this appeal he argues that the amendments placed him in a position of being uncertain as to the offense charged and that he had insufficient time to prepare a defense to the informations as amended. However, no new offenses were alleged or charged by the amendments. He was clearly informed that he was still being charged with the statutory crime of false advertising. We take note of the fact that at neither the granting of the first nor the second amendment did appellant request a continuance to reconstruct or revise his defense. See In re Davis, D.C.Mun.App., 83 A.2d 590. Appellant's mere assertion of surprise is not proof thereof, and, in any event, the granting of amendments to informations is one calling for the exercise of discretion by the trial court,[3] and we find no abuse of that discretion in the case before us.

Affirmed.

1. Smith v. District of Columbia, D.C. Mun.App., 71 A.2d 766; Perlich v. District of Columbia, D.C.Mun.App., 90 A.2d 227.

2. Powers v. United States, 75 U.S.App.D. C. 371, 128 F.2d 300, certiorari denied 316 U.S. 693, 62 S.Ct. 1300, 86 L.Ed. 1764; United States v. American Medical Ass'n, 72 App.D.C. 12, 110 F.2d 703,

certiorari denied 308 U.S. 599, 60 S.Ct. 131, 84 L.Ed. 502 and 310 U.S. 644, 60 S.Ct. 1096, 84 L.Ed. 1411.

3. Fredrick v. United States, 9 Cir., 163 F.2d 536, certiorari denied 332 U.S. 775, 68 S.Ct. 87, 92 L.Ed. 360; 42 C.J.S., Indictments and Informations, § 235, p. 1247.