STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM MARGO, DEFENDANT-APPELLANT.

Argued May 6, 1963—Decided May 20, 1963.

*Mr. George R. Sommer* argued the cause for appellant.

*Mr. John J. Francis, Jr.,* Assistant Prosecutor, argued the cause for respondent (*Mr. Peter Murray,* Assistant Prosecutor, of counsel and on the brief; *Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant was convicted of being under the influence of a narcotic drug, heroin, in violation of *N. J. S.* 2A:170–8, which reads in part:

"Any person who uses or who is under the influence of any narcotic drug, as defined in article 1 of chapter 18 of Title 24 of the Revised Statutes (Food and Drugs), the uniform narcotic drug law, for a purpose other than the treatment of sickness or injury as prescribed or administered by a person duly authorized by law to treat sick and injured human beings, is a disorderly person."

We certified his appeal before it was heard in the Appellate Division.

Defendant challenges the constitutionality of the statute insofar as it punishes for being "under the influence" of a narcotic, as distinguished from the act of using the drug. He relies upon *Robinson v. California,* 370 *U. S.* 660, 82 *S. Ct.* 1417, 8 *L. Ed. 2d* 758 (1962), rehearing denied 371 *U. S.* 905, 83 *S. Ct.* 202, 9 *L. Ed. 2d* 166 (1963).

The prohibition against being under the influence of a drug was added by *L.* 1957, *c.* 109, to meet the difficulty of proving the drug was actually used in this State. *State v. Reed,* 62 *N. J. Super.* 303, 315 (*App. Div.* 1960), reversed on other grounds 34 *N. J.* 554 (1961); *First Report, New Jersey Commission on Narcotic Control* 11 (1955); *Third Report, New Jersey Commission on Narcotic Control* 53 (1957).

In *Robinson* it was held that a statute of California which made it a criminal offense to "be addicted to the use of narcotics" inflicted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The statute provided for the punishment of a person who "shall use, or be under the influence of, or be addicted to the use of narcotics." 370 *U. S.,* at p. 660, n. 1, 82 *S. Ct.,* at p. 1417, 8 *L. Ed. 2d,* at p. 759. Thus "addiction" was something distinct both from "use" and from being "under the influence of" a narcotic. As found by the majority in *Robinson,* the statute punished for a chronic "status" of addiction, for which a person

could be prosecuted at any time before he reformed even though he never used drugs or committed "any anti-social behavior" in the State.

Our statute does not punish for an unsatisfied craving for drugs. Rather it denounces the state of being under their influence. As we have said, the statute deals with the influence of narcotics to obviate an issue as to whether the drug was taken here or in another jurisdiction. We see no reason why, if a person may constitutionally be punished for using a drug, he may not be punished for being under its "influence," for realistically the use of a drug offends society's interests precisely because of its baleful influence upon the person and the harm to which that influence may lead. In other words, being under the influence of a drug is itself antisocial behavior. It is not some latent or passive proclivity; it is an active state, voluntarily induced and laden with a present capacity for further injury to society. We think society may use the criminal process to protect itself against that harm. *Robinson* is not to the contrary.

 Next, defendant says the evidence does not sustain the conviction. We think it does. Defendant was arrested in the evening of March 11, 1962 in an enclosure upon the roof of an apartment house. The heroin and the paraphernalia for an intravenous injection were there. Defendant denied he had received an injection, saying another man, who was to administer it, had just left on a brief mission. Defendant admitted prior use, but claimed he last took heroin in January. On the day following arrest a physician was unable to find evidence of influence although defendant's arm revealed fresh needle punctures. On the following day defendant revealed classical signs of withdrawal, and then the doctor had no difficulty concluding defendant was under the influence of a narcotic. The evidence is ample indeed. The only question is whether defendant was under such influence on that day or on the prior day, a matter which could relate only to the question of a variance in proof as to date, which

variance, if it existed, would not be fatal or a basis for a new trial.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.