Charles Edward **JACKSON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 21393.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1964.

Charles Edward Jackson, in pro. per.

Robert B. Ward, Asst. U. S. Atty., Barefoot Sanders, U. S. Atty., Dallas, Tex., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

In connection with a sale of approximately 66.3 milligrams of heroin hydrochloride, Jackson was tried and convicted of violating section 174 of Title 21, United States Code. The judgment of conviction was affirmed by this Court in an opinion which stated that "A careful reading of the record of the trial indicates to us that the defendant was given a fair trial and his rights were scrupulously guarded." Jackson v. United States, 1963, 311 F.2d 686. The Supreme Court denied certiorari, 374 U.S. 850, 83 S.Ct. 1913, 10 L.Ed.2d 1070. On Jackson's motion to vacate his sentence under 28 U.S.C.A. § 2255, the district court rendered a full and able opinion and denied the motion. Jackson v. United States, N.D.Tex.1964, 225 F.Supp. 53. We are in agreement with that opinion.

That opinion demonstrates that Jackson was not misled by the description of the purchaser in the indictment as "a special employee of the Bureau of Narcotics." Since he was not so misled, he does not bring his case within the decision upon which he relies, Hallman v. United States, 1953, 93 U.S.App. D.C. 39, 208 F.2d 825.

Jackson relies also on the recent Seventh Circuit case of Lauer v. United States, 320 F.2d 187, requiring the identity of the person to whom the sale is alleged to have been made to be shown in the indictment. This Court has, however, already refused to follow that case and instead has followed the majority rule, which we think the better rule. Borroto v. United States, 5 Cir., 338 F.2d 60, decided November 2, 1964, ms.

The district court did not err in denying the section 2255 motion, and its judgment is

Affirmed.