**Gabriel D. BOBROW, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4007.

District of Columbia Court of Appeals.

Submitted Oct. 24, 1966.

Decided Jan. 6, 1967.

H. Clifford Allder, Washington, D. C., for appellant.

David G. Bress, U. S. Atty., with whom Frank Q. Nebeker, Henry A. Berliner, Jr., and Edward T. Miller, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

Appellant was convicted on a single count information charging that he "did make and utter a forged prescription for the purpose of obtaining a dangerous drug," in violation of D.C.Code § 33–702(a) (5) (1961).

After presentation of all evidence and after the government's summation, the trial judge, over objection, granted the government's motion to amend the information to read "make or utter" rather than "make and utter" a forged prescription. Appellant contends only that the trial judge erred in permitting the amendment of the information after the government had rested its case, having introduced evidence only as to the uttering of the prescription and producing no evidence to establish that appellant had forged it.

■ Rule 6(c) of the Criminal Rules of the District of Columbia Court of General Sessions permits amendment of an information "at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The use of the disjunctive "or" rather than the conjunctive "and" did not change the nature of the offense nor did it charge an additional violation. Crain v. United States, 162 U.S. 625, 636, 16 S.Ct. 952 (1896); Arellanes v. United States, 302 F.2d 603, 609 (9th Cir.), cert. denied, 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962). A motion to amend an information is addressed to the discretion of the trial judge. Robles v. United States, D.C.Mun.App., 115 A.2d 303, 306 (1955).

■ Finding no additional offense was charged and absent any showing of prejudice to any substantial right of appellant, we hold that the action of the trial judge in permitting amendment of the information was a proper exercise of judicial discretion and appellant was validly convicted.

Affirmed.