Charles Edward **JACKSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24378.

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1967.

Charles Edward Jackson, pro se.

William O. Callaway, Jr., Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Fort Worth, Tex., for appellee.

Before GEWIN, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

This is an appeal from an order denying appellant's motion brought under 28 U.S.C.A. § 2255 to vacate his conviction and sentence. The opinion of the District Court which accompanied the order is reported. Jackson v. United States, N.D.Tex., 1966, 258 F.Supp. 175. We affirm.

Appellant was convicted of knowingly selling and facilitating the sale of heroin in violation of 21 U.S.C.A. § 174. His conviction was affirmed on appeal. Jackson v. United States, 5 Cir., 1963, 311 F.2d 686. He then moved to vacate the conviction and his motion was denied. Jackson v. United States, N.D.Tex., 1964, 225 F.Supp. 53. We affirmed. Jackson v. United States, 5 Cir., 1964, 339 F.2d 210. His present motion and this appeal involves an additional group of claimed errors.

■ Counsel was appointed to represent appellant in the District Court and two evidentiary hearings were held. The court did not err in not allowing appellant to be present at the hearings. This was a matter of discretion and under the circumstances his presence was not necessary. See Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148; and cf. Luse v. United States, 10 Cir., 1964, 326 F.2d 338. We hold that the limited hearing was entirely adequate.

■ Appellant contends that he was convicted on the perjured testimony of witness White but the proof did not show that the prosecution knowingly and intentionally used material perjured testimony even if White committed perjury which we do not hold. Enzor v. United States, 5 Cir., 1961, 296 F.2d 62. There is no merit whatever in the claim that the prosecution or the court suppressed a statement made by White to a narcotics agent regarding ownership of the heroin. This is likewise true as to the claim that White was permitted to plead guilty in the presence of the jury. He entered his plea outside the presence of the jury and the fact of the plea was only made known to the jury by appellant's counsel in his cross-examination of White.

This appeal is without redeeming merit in any regard. The judgment of the District Court is affirmed.