440 P.2d 909

**The STATE of Arizona, Appellant,**

v.

**Richard C. BROWN, Appellee.**

**No. 7792.**

Supreme Court of Arizona.

In Banc.

May 29, 1968.

Darrell F. Smith, Atty. Gen., Jack I. Podret, Former Pima County Atty., and

Carl Waag, Former Deputy County Atty., and William J. Schaefer, Present Pima County Atty., for appellant.

Theodore A. Geyler, Tucson, for appellee.

BERNSTEIN, Justice.

This is an appeal by the state from an order entered by the Superior Court of Pima County granting a writ of habeas corpus releasing Richard C. Brown from further detention. The trial court held that A.R.S. § 36–1062, as amended, which Brown had been convictd of violating, was unconstitutional.

That statute in part provides as follows:

"§ 36–1062. Unlawful acts; user; exception; penalty for violation; probation

No person shall use, or be under the influence of, or be addicted to the use of a narcotic drug, except when administered by or under the direction of a person licensed by the state to prescribe and administer narcotic drugs. Any person convicted of violating any provision of this section is guilty of a misdemeanor * * *."

Brown was convicted of being "under the influence of" a narcotic drug not administered or prescribed by a person licensed to do so. The ruling of the trial court was grounded on the decision of the Supreme Court of the United States in Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), rehearing denied 371 U.S. 905, 83 S.Ct. 202, 9 L.Ed.2d 166 (1963).

In Robinson the Court held that a California statute which made it a criminal offense to "be addicted to the use of narcotics" inflicted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Although the statute there in question provided for the punishment of a person who "shall use, or be under the influence of, or be addicted to the use of narcotics" (370 U.S. at 660 n. 1, 82 S.Ct. at 1417), the decision dealt only with that section of the statute concerning addiction. Indeed, the Court cited an earlier case which acknowledged that the state has the authority "in the exercise of its police power to regulate the administration, sale, prescription and use of dangerous habit-forming drugs * * *." 370 U.S. at 664, 82 S.Ct. at 1419.

The United States Supreme Court further found in Robinson that the defect in the California statute was that it punished the chronic "status" of addiction, which could subject a person to prosecution at any time before he reforms, regardless of whether "he has ever used or possessed any narcotics within the State, and whether or not he has been guilty of any antisocial behavior there." 370 U.S. at 666, 82 S.Ct. at 1420.

However, in the wake of Robinson a number of courts rejected the contention that a state cannot criminally prosecute a person for being under the influence of narcotic drugs. Salas v. State, 365 S.W.2d 174 (Tex.Crim.App.1963), appeal dismissed sub nom. Salas v. Texas, 375 U.S. 15, 84 S.Ct. 96, 11 L.Ed.2d 45 (1963) (want of substantial Federal question); State v. Margo, 40 N.J. 188, 191 A.2d 43 (1963); State v. Dennis, 80 N.J.Super. 411, 194 A.2d 3 (1963).

In State v. Margo, 191 A.2d at 45 the Supreme Court of New Jersey declared:

"* * * We see no reason why, if a person may constitutionally be punished for using a drug, he may not be punished for being under its 'influence,' for realistically the use of a drug offends society's interests precisely because of its baleful influence upon the person and the harm to which that influence may lead. In other words, being under the influence of a drug is itself antisocial behavior. It is not some latent or passive proclivity; it is an active state, voluntarily induced and laden with a present capacity for further injury to society. We think society may use the criminal process to protect itself against that harm. Robinson is not to the contrary."

We also are of the opinion that the state can impose criminal sanctions on a person who is unlawfully under the influence of a narcotic drug in Arizona. Being "under

the influence" constitutes a distinct act rather than a general "status".

The order of the trial court is vacated and the cause remanded with directions for further proceedings in accordance herewith.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.