444 P.2d 161

**STATE of Arizona, Appellee,**

v.

**Richard Linwood CARSON, Appellant.**

**No. 1 CA–CR 149.**

Court of Appeals of Arizona.

July 31, 1968.

Rehearing Denied Sept. 4, 1968.

Review Denied Oct. 22, 1968.

Darrell F. Smith, Former Atty. Gen., Gary K. Nelson, Atty. Gen., by William E. Eubank, Chief Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Charles F. Hyder, Deputy Public Defender for appellant.

STEVENS, Judge.

Carson was charged by a direct information filed in the Superior Court. The information charged that on 8 August 1967 he "did then and there use or was under the influence of a narcotic drug, all in violation of A.R.S., Sec. 36–1062, as amended 1961." The penalty provision of the code section in question insofar as it related to the case now under consideration is as follows:

"Any person convicted of violating any provision of this section is guilty of a misdemeanor and shall for a first offense be sentenced to serve a term of not less than ninety days nor more than one year in the county jail. * * *"

The maximum penalty is greater than the maximum statutory jurisdiction of Justice Courts. A.R.S. § 22–301, subsec. A(4). Under these circumstances the Superior Court was the court of original jurisdiction and the Court of Appeals has appellate jurisdiction pursuant to § 12–120.21, subsec. A(2).

A.R.S. § 36–1062 provides, in part:
"No person shall use, or be under the influence of, or be addicted to the use of a narcotic drug, except when administered by or under the direction of a person licensed by the state to prescribe and administer narcotic drugs. * * *"

The defendant was tried, the jury returned a verdict of guilty, his motion for new trial was denied, he was adjudged guilty and sentenced. This appeal followed.

■ The major issue raised by the briefs relates to the claimed unconstitutionality of A.R.S. § 36–1062. This contention is based upon the fact that the statute includes the words "or be addicted to the use of". After both sides had filed their initial briefs, The Attorney General called our attention to the recent Arizona Supreme Court opinion in the case of State v. Brown, 103 Ariz. 289, 440 P.2d 909 (1968). The decision in *Brown* is adverse to the first contention of the defendant and we deem further discussion thereof to not be required.

■ The other issue presented urges error in the instructions given to the jury. In the course of the instructions, the trial judge referred to the statute in question as follows:

"The pertinent statute of the State of Arizona reads as follows: No person shall use or be under the influence or be addicted to the use of a narcotic drug except when administered by or under the direction of a person licensed by the State to prescribe and administer narcotic drugs."

It is urged that the quoting of the statutory language, namely "or be addicted to the use" constitutes reversible error and authorized the jury to convict the defendant if the jury believed that he was addicted to the use of narcotics. After a careful review of the record, it is our opinion that the issues under the information and under the evidence did not present the question of addiction to the jury. The issue which was presented to the jury was whether the defendant was "under the influence of * * * a narcotic drug" at the time and place of his arrest. We must answer the question as to whether the use of the quoted language in the instruction requires a reversal of this case. We conclude that the question must be answered in the negative.

A review of the instructions discloses that the jury was informed several times that their burden was to determine guilt or innocence as to "the offense charged" or language of similar import.

The arguments of counsel were transcribed and are before this Court. The arguments were limited to the sufficiency of the evidence to establish whether the defendant at the time and place in question was "under the influence".

The only reference to drug addiction appears in the defendant's direct examination. We quote portions of his direct testimony:

"Q Mr. Carson, on or about the 8th day of August, 1967, did you have occasion to be arrested by the Phoenix Police Department?

"A Yes.

"Q What were you arrested for, sir?

"A Unlawful use of narcotics.

"Q Mr. Carson, have you ever used narcotics before?

"A Yes, I have.

"Q Have you ever been addicted to narcotics before?

"A Yes, I have.

"Q When was the last time you used narcotics?

"A That was approximately nine months ago.

"Q Do you have marks on your arm as a result of this use of nine months ago?

"A Yes, I do.

"Q What specific narcotic that you used approximately nine months ago caused these marks?

"A At that time it was what they call cocaine and heroin.

\*   \*   \*   \*   \*   \*

"Q On the 8th day of August, Mr. Carson, were you under the influence of narcotics?

"A No, I wasn't.

\*   \*   \*   \*   \*   \*

"Q And the marks on your arms were caused from your addiction which was nine months ago, is that correct?

"A Yes, it is."

A motion for new trial was filed and the trial judge was given the opportunity to review the question as to possible prejudice to the defendant and as to whether the jury could have found the defendant guilty of being "addicted to the use of a narcotic drug". These issues were resolved adversely to the contentions of the defendant. In our opinion the record does not sustain the possibility that the jury could have convicted the defendant of being an addict. In our opinion the record relates only to the question of the defendant's condition as to his being under the influence of a drug at the time of his arrest. We commend the zeal of the Public Defender. We do not agree with his position.

The judgment and sentence are affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.