**Roger Wallace MASON, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4872.**

District of Columbia Court of Appeals.

Argued May 5, 1969.

Decided Aug. 26, 1969.

John W. Brennan, Washington, D. C., for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Gene S. Anderson, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from convictions after a non-jury trial on two informations charging the sale and delivery of drugs on March 28 and April 5, 1968, in violation of 21 U.S. C. § 360a(b) and § 331(q) (2) (Supp. III, 1965–1967). Appellant received two sentences of 360 days, to run consecutively.

At the commencement of the trial, the court granted the Government permission to amend the informations to charge the sale and delivery of "a quantity of dl-amphetamine" rather than "4 ounces of methedrine", within the meaning of 21 U.S.C. § 321(v) (2) (Supp. III, 1965–1967) instead of § 321(v) (3) (Supp. III, 1965–1967). Appellant contends that he was thereby prejudiced as he was prepared to defend against the charges of sale and delivery of methedrine, not dl-amphetamine. He relies upon Robles v. United States, D.C.Mun. App., 115 A.2d 303, 306 (1955), where this court stated that the primary function of an information is to inform the accused of the precise charge against him and give him an opportunity to prepare and present his defense to that charge.

After granting the Government permission to make these amendments the trial court stated that if appellant "was surprised" and needed further time to prepare his defense as a result of the amendments it would grant a continuance for this purpose. It developed that counsel for appellant [1] desired a recess in order to have a discussion with the Government's expert witness (chemist) who had not yet testified. When the trial reconvened, the court again stated that if appellant was "surprised" it would "put this case over." Counsel said he was not surprised, whereupon the trial resumed.

Rule 6(c) of the Criminal Rules of the trial court permits amendment of an information at any time before verdict or findings if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. We think these amendments were permissible under the rule as they merely effected a substitution of an allied drug with appropriate changes of the sub-paragraph of the statute.[2] More importantly, the court offered appellant a continuance because of these amendments and the offer was declined. Appellant clearly waived any right he may have had to a continuance of the trial.[3]

Appellant also contends that the trial court erred in finding him guilty as the evidence showed he was an aider and abettor and no principal offender was named in the informations and no acts constituting an offense were shown to have been committed by the principal offender.

Appellant is correct in stating that he was an aider and abettor. Essentially, the evidence established that appellant supplied drugs to one Koechlin, who in turn sold them to an undercover Government agent; and that appellant was aware in

---

1. Appellant's counsel here was also his trial counsel.

2. There was also a deletion of a citation to the Federal Register.

3. Counsel for appellant conceded during oral argument here that his decision to forego a continuance was in some measure tactical as he had noted the absence at trial of an important Government witness.

supplying the drugs that they were to be sold. There was adequate evidence to establish that the principal offender, Koechlin, committed the violations charged in making the sales and deliveries of the drugs. The evidence was also sufficient to prove that appellant aided and abetted in these sales and deliveries. The District of Columbia Code provides that all persons aiding or abetting the principal offender shall be charged as principals and not as accessories.[4] Since he is liable as a principal, it is immaterial that appellant was charged alone in the informations as a principal; and we see no prejudice because of this.

Lastly, appellant contends the Government's evidence was as consistent with innocence as with guilt. Our review of the record shows the trial court reasonably could have found appellant guilty beyond a reasonable doubt on these charges. Jackson v. United States, 122 U.S.App.D.C. 324, 326, 353 F.2d 862, 864 (1965).

Affirmed.