Leon Bennie ELLIOTT, Petitioner-
Appellant,

v.

Dr. George J. BETO, Director, Texas De-
partment of Corrections, Respondent-
Appellee.

No. 72–3062

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1973

Rehearing Denied March 13, 1973.

Certiorari Denied May 14, 1973.

See 93 S.Ct. 2284.

Fred M. Lange, Houston, Tex. (Court appointed), for petitioner-appellant.

Crawford Martin, Atty. Gen., Guy C. Fisher, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is from the denial of habeas corpus relief. Appellant is presently serving a 40-year Texas state sentence for assault with intent to rape, following a jury verdict of guilty. He contends that his confession, introduced at the trial, was involuntary; that a one-man lineup in the absence of counsel was violative of due process; and that the use of perjured testimony by the prosecution and its failure to correct it deprived him of a fair trial. The Federal District Court found no merit to these contentions. We affirm.

A proper determination of the voluntariness of appellant's confession

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

was made by the State Trial Court which comported with the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). In the evidentiary hearing at which appellant testified, the Federal District Judge also had before him the complete transcript of the hearing on the issue of voluntariness as well as the transcript of the State trial proceedings. He held that the confession was voluntary. This finding was corroborated by the Federal District Judge's personal appraisal of appellant's lack of credibility because of several conflicts in his testimony. We agree with the District Judge's finding.

The offense for which appellant was convicted occurred on February 28, 1967. Independent identification of appellant, by the complaining witness and by another woman whom appellant had accosted and threatened at gunpoint, was made a few hours after the separate incidents had occurred. The proper standard applicable at that time (prior to United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)), for determining whether the method employed to identify a suspect violated due process was a consideration of the totality of the circumstances surrounding the confrontation. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). *See also* the recent Supreme Court decision, Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Applying the totality of circumstances test, we agree that there was no deprivation of due process.

In the absence of a showing that the prosecution knowingly and intentionally used material, perjured testimony to obtain a conviction, appellant is entitled to no post-conviction relief even where testimony is perjured. Jackson v. United States, 5 Cir., 1967, 384 F.2d 375–376. *A fortiori*, there can be no such relief where there is no perjury. The District Court found none; nor do we.

Affirmed.