153 N.J. Super. 57 (1977)
378 A.2d 1174
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAN WOLDEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 19, 1977.
Decided October 6, 1977.
*58 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Susan Fessler on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Claire L. Calandra, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by CONFORD, P.J.A.D.
Defendant appeals from conviction of (1) possession of hashish in excess of five grams, and (2) distribution of hashish to Mr. Mazzafro, a member of the Camden County Narcotic Strike Force (so identified in the indictment). As to the second charge, defendant contends he was improperly convicted for a different sale from that charged. As to the first, his contention is that the offense of possession merged into the conviction for distribution.
We are satisfied that these convictions should be reversed as irregularly adjudicated, and a new trial ordered. The trial in this case was a procedural anomaly. The trial court permitted the case to be submitted on stipulations by the parties as to what proofs would have been offered by each side if the witnesses were sworn. Investigator Mazzafro, an undercover agent, would have testified on behalf of the *59 State that he entered a tavern at 12:10 A.M. on April 5, 1975, and learned from people there that defendant had some hashish. He approached defendant and told him he wanted "to get high." Defendant quoted him a price of $35 for a quarter-ounce of hashish. He gave defendant that sum and received in return a plastic bag containing small chunks of a brown substance. Thereafter he left the tavern, rejoined two detectives with whom he had arrived, and turned the bag over to them. Subsequent analysis showed the substance was marijuana weighing 2.82 grams (corrected subsequently to 8.28 grams). The bag of drugs would have been offered in evidence.
The submission on behalf of defendant was that he would have testified as follows. He went to the tavern at 10:30 P.M. on the same evening. He met a past acquaintance, one Tommy Donahue. The latter asked him if he had any hash or marijuana to sell. Defendant had hash "on him which was for his [own] use" but since he knew Donahue he said he would sell it to him for $35. Donahue left, returned in a half-hour, and the sale was consummated in the bathroom  of 2.82 grams for $35. Both then left. Defendant made no sale to Mazzafro.
The trial court held defendant guilty of possession on his admission. As to the charge of distribution, the court stated that the matter was heard on stipulation "because credibility is not at issue." This was explained on the basis that the court could disbelieve the State's proffered testimony and still find defendant guilty on his own testimony together with that offered by the State. Although the court found the defendant guilty of the sale, it made no finding that the transaction as described by defendant was true beyond a reasonable doubt, nor any finding at all as to the credibility of the proffered testimony of the State witness. It is obvious that the court could not have compared the credibility of the respective versions as it did not have the benefit of hearing the witnesses testify, appraising their demeanor on direct and cross-examination and making a judgment as to credibility *60 based thereupon. We consequently do not have a satisfactory verdict of defendant's guilt before us.
The trial procedure adopted by the court has resulted in the creation of a very substantial issue on behalf of defendant. The question arises whether he has been convicted on proof of a different offense from that charged and purported to have occurred by the State's indictment and proffer of proof, contrary to defendant's rights under N.J. Const. (1947), Art. I, pars. 8 and 10. State v. Grothmann, 13 N.J. 90 (1953). We are of the view that the somewhat difficult substantive issue posed may well be avoided if this case is tried in the conventional manner and that, in any event, it should not be dealt with on this anomalous record.[1]
We therefore reverse and direct a new trial at which all witnesses presented for either side will testify in the usual manner. If the testimony is by the same witnesses and is in the tenor as previously stipulated, the court will, in the first instance, decide whether it finds the State's version of the facts to be true beyond a reasonable doubt. If it so finds, a consequent judgment of conviction for distribution will stand, and defendant's constitutional arguments will be obviated.
If at retrial the court does not find the State's case proven beyond a reasonable doubt, but does find defendant's admission (if repeated) true beyond a reasonable doubt, it will be required to face the legal issue as to whether the criminal transaction as described by defendant is essentially a different one from that charged by the State. If it so concludes, then defendant may not be convicted thereon. State v. Grothmann, supra, 13 N.J. at 95; State v. Sing Lee, 94 N.J.L. 266, 269 (E. & A. 1920); Stirone v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); United States v. Critchley, 353 F. 2d 358, 362 (3 Cir.1965); Hallman v. United States, 93 U.S. App. D.C. 39, 40, 208 F.2d 825, 826 (1953).
*61 If, in such case, however, the court properly concludes that only one and the same transaction is implicated in the differing versions of the criminal episode, and that the variations in surrounding circumstances and in identity of the purchaser are irrelevant to or do not affect the application of that criterion, the defendant may stand convicted. See State v. Margo, 40 N.J. 188, 190-191 (1963); State v. Friedman, 135 N.J.L. 419, 421-422 (Sup. Ct. 1947), aff'd 136 N.J.L. 634 (E. & A. 1948); cf. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Carter v. State, 521 P.2d 85 (1974 Okl. Cr. App.).
Defendant's contention concerning merger of offenses will be resolved by the court, if necessary, at the retrial. See State v. Ruiz, 68 N.J. 54 (1975); State v. Davis, 68 N.J. 69 (1975); State v. Jester, 68 N.J. 87 (1975); State v. Valentine, 69 N.J. 205 (1976).
NOTES
[1] The stipulation entered into here is to be distinguished from a stipulation of facts, which ordinarily would be appropriate.